In the Matter of ALFRED COYLE, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant.— The New York City Transit Authority appeals from an order granting an application to serve a notice of claim upon it, after the expiration of the ninety-day period specified in section 50-e of the General Municipal Law. Order reversed on the law, without costs, and motion denied, without costs. While boarding a bus owned and operated by the appellant, respondent, an adult, was injured on October 5, 1953. On October 19th a notice of claim against the city of New York was served upon its comptroller or corporation counsel. On November 9th the respondent's attorney received an acknowledgment of receipt of the notice of claim from the comptroller's office. On November 27th he received a letter from the comptroller's office stating that the claim had been disallowed because investigation did not establish legal liability of the city. Respondent's claim is not disputed that on November 9th and November 27th, one of his attorneys telephoned the comptroller's office, spoke to a person unnamed, explained the error in the service of the claim and was informed that the notice of claim would be forwarded to the appellant. The notice of claim was not forwarded to the appellant by the comptroller's office. On December 31, 1953, still within the ninety-day period fixed by the statute, one of respondent's attorneys telephoned the appellant and was informed that it had no record of the notice of claim having been forwarded to it by the comptroller's office. On January 5, 1954, one day after the expiration of the ninety-day period (since January 4th was a Monday [General Construction Law, §§ 20, 25]), a new notice of claim, which was received on January 6th, was served on the appellant by registered mail. Respondent made no claim that either notice was not timely served on the appellant by reason of physical or mental incapacity; nor that the corporation counsel represented the appellant on October 19, 1953, or was designated as one to be served with a notice of claim against the appellant. The service on October 19th was not service on the appellant, as required by statute. (Public Authorities Law, § 1812; General Municipal Law, § 50-e; Civ. Prac. Act, § 228.) An application for leave to serve a notice of claim after the ninety-day period may not be granted unless the failure to make timely service was by reason of mental or physical incapacity or infancy. (*Munroe* v. *Booth*, 305 N. Y. 426; *Matter of Halloran* v. *Board of Educ. of City of N. Y.*, 271 App. Div. 830.) Service within the time prescribed but in a manner not in compliance with the provisions of section 50-e of the General Municipal Law, is valid if "such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim." (General Municipal Law, § 50-e, subd. 3; *Teresta* v. *City of New York*, 304 N. Y. 440; *Zivyak* v. *Board of Educ. of City of N. Y.*, 282 App. Div. 704.) Nolan, P. J., Adel, MacCrate, Beldock and Murphy, JJ., concur.

■

In the Matter of HERMAN GREENBERG, Petitioner, against STATE LIQUOR AUTHORITY et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, transferred to this court (Civ. Prac. Act, § 1296), the petitioner seeks to annul the determination of respondent State Liquor Authority approving a determination of respondent New York City alcoholic beverage control board denying him a license. Determination unanimously confirmed, with $50 costs and disbursements. No opinion. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.