WILLIAM T. MAYER et al., Doing Business under the Name of MAYER'S PARKWAY RESTAURANT, Respondents, v. LOUIS FERNANDEZ, as President of Chefs, Cooks, Pastry Cooks and Assistants' Union, Local 89, A. F. of L., et al., Appellants.— The motions of the defendant unions made in December, 1954, to vacate the permanent injunction should have been granted as the situation between the parties had materially changed. The State Labor Relations Board had found plaintiffs guilty of unfair labor practices against their employees and against the defendant unions, and had declared the independent union to be a company union created at the behest of plaintiffs. Picketing against unfair labor practices is a lawful and legitimate labor objective under the laws of this State (*Wood* v. *O'Grady*, 307 N. Y. 532, 539, 540). Orders unanimously reversed and the motions to vacate the injunction granted, with $10 costs. Settle order on notice. Concur — Cohn, J. P., Callahan, Breitel, Botein and Rabin, JJ.

■

TERESA CAWLEY, Respondent, v. JOHN CAWLEY, Appellant.— Order unanimously modified so as to award plaintiff $20 per week for the support of the children and the motion for temporary alimony and counsel fee denied, with leave to renew at the trial. As so modified the order is affirmed. On the record before us an award to the wife was not justified. Settle order on notice. Concur — Peck, P. J., Cohn, Bastow, Botein and Rabin, JJ.

■

HAMILTON ASSETS CORP., Appellant, v. PENNSYLVANIA EXCHANGE BANK, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Cohn, Bastow, Botein and Rabin, JJ.

■

In the Matter of JE LAINE RINGGOLD, an Infant, by ACTWOOD RINGGOLD, Her Guardian, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant. — Order granting the motion of the infant claimant and her guardian for leave to file their claim against the New York City Transit Authority after the expiration of the ninety-day period provided by section 50-e of the General Municipal Law, unanimously reversed on the law and the facts, without costs, and the motion denied, without costs. Through inadvertence the notice properly asserting the claim against the authority was mailed to and received by the comptroller of the City of New York instead of the authority. No notice of claim was received by the authority within the statutory period. Such a mistake in the manner of service may not be rectified (General Municipal Law, § 50-e, subds. 3, 6; *Munroe* v. *Booth*, 305 N. Y. 426; *Matter of Coyle* v. *New York City Tr. Auth.*, 283 App. Div. 1083). Nor may the late filing be excused on the ground of infancy, since there is no showing that the failure to give timely notice occurred by reason of such infancy (*Matter of Nori* v. *City of Yonkers*, 300 N. Y. 632; *Schnee* v. *City of New York*, 285 App. Div. 1130). Concur — Peck, P. J., Cohn, Bastow, Botein and Rabin, JJ.