Jacob Markowitz, J.
This is a motion for leave to file a late notice of claim against the New York City Transit Authority. Petitioner was injured on March 10, 1955. On April 25, 1955, which was within the statutory period for the filing of claims, his attorney served said claim by registered mail on the corporation counsel of the City of New York. Concededly, no notice whatever was served upon the New York City Transit Authority. Not hearing from the corporation counsel, the attorney wrote him on September 15, 1955, requesting advice as to the status of the claim. Several days later the attorney was advised by telephone call that the claim was disallowed on the ground that the New York City Transit Authority was the proper authority to whom the claim should have been made. This was followed by a letter dated September 27, 1955 from the comptroller of the City of New York advising that the city had disallowed the claim. Claimant asserts he should have been notified by the corporation counsel of the mistake in filing the claim before the statutory period expired so as to afford him sufficient time to file his claim against the proper authority. *296 Claimant further asserts he was lulled into inactivity by this lack of timely action by the corporation counsel. Unfortunately, under the circumstances here presented, the law does not provide nor allow the receipt by the corporation counsel of the notice to be considered as service upon the Transit Authority, nor can the corporation counsel or the comptroller of the City of New York be considered as the agent for the Transit Authority. If such construction were to be accepted, the service of a notice by mail, such as was here made upon another agency, would lead to serious violations of the specific requirements for service in the statutes in such cases made and provided. Moreover, there is no authority in law or in the reported decisional cases on the subject involved herein requiring the corporation counsel or the comptroller of the City of New York to notify petitioner or his attorney of the improper service made.
The result of claimant’s inaction from April 25, 1955 to September 15, 1955 must be borne by himself. It was his duty to file his claim on time with the proper authority. The failure to file his notice of claim with the New York City Transit Authority pursuant to the provisions of section 1812 of the Public Authorities Law and section 50-e of the G-eneral Municipal Law is fatal and may not be rectified except in those eases where the failure to file may be excused under said section 50-e. The language of the statute leaves no alternative. While the situation may impose a severe penalty upon petitioner, the argument in his behalf must, however, be directed to the Legislature. Since claimant is an adult and makes no claim of inability to have made timely service due to mental or physical incapacity, application must be denied. (Matter of Ringgold v. New York City Tr. Auth., 286 App. Div. 806; Matter of Nori v. City of Yonkers, 274 App. Div. 545, affd. 300 N. Y. 632.)