Vincent A. Lupiano, J.
This is a motion by plaintiffs for leave to serve their notice of claim, pursuant to section 50-e of the General Municipal Law, nunc pro tunc as of April 30, 1956. The accident involved herein accrued on February 25, 1956. While plaintiffs’ claim was against the New York City Transit Authority, their attorney’s clerk, by mistake and inexperience, filed copies of the notice of claim upon the office of the comptroller of the City of New York. This filing took place on April 30, 1956. The original of the notice of claim was placed by said clerk in the office file. Subsequently a letter was received by the attorneys from the office of the comptroller, bureau of law and adjustment, acknowledging receipt of the claim of April 30,1956; and disallowing said claim “ as the circumstances developed by investigation do not establish legal liability of the city. ’ ’ Subsequently action was commenced on behalf of the plaintiffs by the service of a summons and complaint upon the New York City Transit Authority. Service was made on November 13, 1956, which was well within the period of one year from the date of the accident. Issue was joined by the defendant by the service of its answer on November 28, 1956, wherein their defense of failure to comply with section 1812 of the Public Authorities Law is set forth. This, plaintiffs’ attorneys aver, was the first knowledge they had with respect to the error in service of the notice of claim upon the comptroller of the City of New York instead of upon the defendant.
*803 It is plaintiffs’ contention now that the defendant actually had due notice of the claim against them within the 90 days provided by section 1812 of the Public Authorities Law; that such notice was had by reason of the stamp upon the original notice of claim which acknowledged same by the City of New York which disallowed the claim; by reason of the fact that the subways, trains, platforms and stations are owned by the City of New York and not by the defendant; and by further reason that notice was had by the defendant through the police blotter record of the accident involved.
Unfortunately, the contentions and reasoning of plaintiffs are without merit. Section 1812 afore-stated plainly, specifically and unequivocally provides that a notice of claim in any action against the New York City Transit Authority shall he served upon the Authority within the time limited and in compliance with all the requirements of section 50-e of the General Municipal Law. By section 50-e it is provided that the notice of claim must be given within 90 days after the claim arises (subd. 1), that it be served upon a party against whom the claim is made (subd. 3), and that leave may he granted to serve a notice of claim after the expiration of the 90 days in cases of physical or mental incapacity or infancy (subd. 5).
The fact here is uncontradicted that plaintiffs’ notice of claim was not served on the defendant within the statutory period and that a notice of claim was never received by defendant within this period. There was a complete failure to comply with the required statutory requirements governing the service of notices of claim upon the New York City Transit Authority. Accordingly, the service upon the comptroller of the City of New York of the notice of claim did not constitute service upon the defendant, cannot he imputed to the defendant and must be held to be invalid. The failure to file the notice of claim with defendant is fatal and may not be rectified except in those cases where the failure to file may be excused under section 50-e aforesaid. Such excuse is not presented here. The language of the statute, section 1812, leaves no alternative. The motion is denied (Matter of Ringgold v. New York City Tr. Auth., 286 App. Div. 806; Matter of Hayward v. New York City Tr. Auth., 3 Misc 2d 295; Cividanes v. City of New York, N. Y. L. J., April 3, 1956, p. 7, col. 1 [Sup. Ct., N. Y. Co., Spec. Term, pt. I]).