Francis X. Conlon, J.
This is an application for an order allowing plaintiff to serve a belated notice of claim nunc pro tunc, upon the New York City Housing Authority. The infant plaintiff was 10 years of age at the time of the accident, which occurred on August 29, 1955. A notice of claim was served on the comptroller of the City of New York but not on the New York City Housing Authority. The summons and complaint was served on the housing authority on October 13, 1955, and the authority thereafter appeared in the action. In certain instances the court has discretion in allowing late notices of claim. However, the controlling statute, subdivision 5 of section 50-e of the General Municipal Law, is clear and definite in situations such as here presented. That subdivision states in part: “Application for such leave must be made within the *258 period of one year after the happening of the event upon which the claim is based (Italics supplied.) In Matter of Martin v. School Bd. (Long Beach) (301 N. Y. 233, 239), the court in considering this subdivision said: ‘ ‘ Wise or unwise, fair or harsh, that law is as binding on the courts as it is on this petitioner and on everyone else.”
Service of the notice of claim on the comptroller of the City of New York does not constitute service on the New York City Housing Authority. (Matter of Ringgold v. New York City Tr. Auth., 286 App. Div. 806; Matter of Coyle v. New York City Tr. Auth., 283 App. Div. 1083.)
Accordingly, the motion is denied.