M. Henry Martuscello, J.
Motion pursuant to section 50-e of the General Municipal Law for leave to file a late notice of claim on behalf of infant plaintiff upon the Board of Education of the City of New York.
It appears from the moving papers that infant plaintiff, who is 10 years of age, sustained injuries on the afternoon of August 21, 1957 in the playground of the Franklin K. Lane High School; that a notice of claim dated October 1, 1957 was served on the City of New York and was received by the Comptroller’s office on October 2, 1957; that a hearing was held at the office of the Comptroller on July 2,1958 at which time the facts as they were presented indicated that the Board of Education should also have been served. For this reason the Board of Education was served with an original notice of claim and the motion papers herein on August 21, 1958.
The application is resisted on the ground that the statutory period of one year (General Municipal Law, § 50-e, subd. 5) elapsed on August 20, 1958.
That portion of subdivision 5 of section 50-e of the General Municipal Law which is applicable hereto reads as follows:
‘ ‘ Where the claimant is an infant or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor * * * the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one.
‘ ‘ Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based
The question which poses itself therefore concerns the correct computation of the one-year statutory period contained in section 50-e of the General Municipal Law.
Under the provisions of section 20 of the General Construction Law, the date from which any reckoning of time is made *183 is excluded in making the computation. Hence, applying the foregoing to the facts herein we exclude the date of injury, August 21,1957, so that the first day which is counted is August 22, 1957. One year therefrom would expire on August 21, 1958, and that would be the last day of the one-year period. (See Ekas v. City Cab Co. of Jamestown, 203 Misc. 730, and cases cited therein.)
Section 113 of the Civil Practice Act states: “A motion is made when a notice thereof or an order to show cause is duly served.”
In the opposing affidavit it is admitted that the Corporation Counsel’s office received by mail a notice of claim and the motion papers herein on August 21,1958. In the circumstances, application for the relief sought herein was made within the period of one year after the happening of the event upon which the claim is based.
On the authority of Biancoviso v. City of New York (285 App. Div. 320) the infant herein is entitled to the relief sought and the application is granted as to said infant and denied as to the father’s claim. (See Coyle v. New York City Tr. Auth., 283 App. Div. 1083; Oxendine v. City of New York, 11 Misc 2d 257.)
Settle order on notice.