Nicholas M. Pette, J.
Petitioner, on behalf of himself and of about 2,500 other taxpayers similarly situated, moves for an order directing the respondents to accept and file the tax protest applications received at the office of the respondents on March 16,1959, and to duly consider and act upon and determine the merits of said applications, according to the usual prescribed mandatory procedure under the applicable provisions of the New York City Charter.
It is conceded that said tax protest applications were received on March 16, 1959 in the office of the Tax Commission, Queens and that the respondents have failed to consider, act upon and determine the merits of said applications. The parties hereto are in agreement that the sole pertinent facts to be considered on this motion is whether said tax protest applications were timely received, so as to authorize the respondents to consider the same under the provisions of the Charter of the City of New York, specifically, sections 160-165. Section 160 provides: “ The books of the annual record of the assessed valuation of real estate shall be opened to the public not later than the first day in February in each year, not a Sunday or a legal holiday, and remain open during usual business hours for public inspection and examination until the fifteenth day of March thereafter ”.
*152 Section 163 of tlie New York City Charter, as amended, provides in part: “ During the time that the books of annual record of the assessed valuation of real estate are open for public inspection, any person or corporation claiming to be aggrieved by the assessed valuation of real estate may apply for correction of such assessment.” The City Charter also provides that the final assessment must be entered on the tax rolls by May 25.
The respondents contend that they are powerless to consider the protests, because they were not filed within the time limited by the City Charter, and that because of such untimely filing, they did not act upon the same.
The petitioner, however, properly urges lhat; under the provisions of section 25-a of the General Construction Law, said tax protest applications received by the respondents on the next succeeding business day following Sunday, March 15, 1959, constituted timely filing within the contemplation of the applicable statutes in such circumstances provided.
Section 25-a of the G-eneral Construction Law was enacted by chapter 821 of the Laws of 1952, and became effective on September 1,1952. That section, so far as pertinent here, in part, reads as follows: “ When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on-a Sunday or a public holiday other than a half holiday, such act may be done on the next succeeding business day ”.
The charter does not literally make it mandatory for the physical filing of the protest application on or before March 15 of each year. Drawn somewhat loosely, the only requirement of the statute is that an aggrieved person “may apply” during that period for correction of an excessive assessment. Therefore, in construing the phrase “may apply”, effect must be given primarily to the purpose for which the statute was enacted. That purpose obviously is to afford aggrieved taxpayers the right and opportunity to object to assessed valuations which they feel are excessive. That right is basically one of great importance to the homeowner who, in the long run, is the primary source of taxes raised for the support of municipal government. Consequently, in construing the right to review excessive assessments, the courts have repeatedly held that the statute is remedial in its nature and should be liberally construed so as to effectuate the beneficent ends it was enacted to accomplish, and not to deny its benefits by reason of any strained or forced construction or technicalities. (People ex rel. New York City Omnibus Corp. v. Miller, 282 N. Y. 5; People ex rel. Denney v. Clark, 257 App. Div. 905.)
*153 This court is of the opinion that aggrieved taxpayers should not be deprived of their right to have their tax protests considered on the merits, and that they should not be turned out of court on superficial technicalities, particularly where there can be no prejudice or harm to the Tax Commission. 'A court of equity, therefore, in the interest of justice, should construe the applicable statutes affecting such rights with liberality and common sense, consistent with fair dealing and good conscience, to the end and purpose that such taxpayers’ grievances may be considered and determined upon their merits, and true effect given to the intent of the Legislature to accord and protect the right of such taxpayers to have their grievances against improper tax assessments determined upon the merits.
The court has carefully examined the cases cited by the respondents in support of their contentions in the case at bar. All of these cases, with exception of Matter of Heywood Co. v. Boyland (140 N. Y. S. 2d 769), were decided prior to the enactment of section 25-a of the General Construction Law, which became effective on September 1, 1952, and are to be distinguished from the case at bar, to which section 25-a applies in the opinion of this court.
With respect to the Matter of Heywood Co. v. Boyland (supra) this court is of the opinion that the construction of section 25-a by the court in that ease, is a strained and forced construction of that statute in which this court cannot concur for the reasons hereinabove stated.
If a tax date falls on a Sunday or a public holiday, payments may be made on the following business day without additional charge. (10 Op. St. Comp., 1954, p. 64.) When the last day to make civil service appointments from a list expiring on Sunday, appointments made from the list on the following Monday were held to be valid. (Abarno v. City of New York, 3 Misc 2d 1053.) When the last day for the redemption of property sold at a tax sale falls on a legal holiday, the owner may redeem on the following business day. (13 Op. St. Comp., 1957, p.' 35.) Under section 25-a of the General Construction Law, a Sunday or legal holiday is to be excluded when it is the last day of a specified period. (1945 Atty.-Gen., 270.)
To say, that section 25-a because it contains the words:‘ ‘ When any period of time, computed from a certain day ’ ’ requires the construction that the act to be done is to be done on the day preceding the last day, when the last day falls on a Sunday or legal holiday, since there is no computation of time involved for determining the period of time from February 1 to March 15, is a strained and forced construction not intended by tha Legisla *154 ture, and inconsistent and inimical to the beneficent purpose of tax protest and review, which the Legislature intended taxpayers should have, and which the Legislature sought to further safeguard by enacting section 25-a of the General Construction Law.
It is significant that under the charter, the final tax assessments must be entered on the tax rolls by May 25 in each year, and that by accepting the tax protests of the petitioner and the other 2,500 taxpayers similarly situated, when respondents received the same on March 16, 1959, the respondents suffered no harm or prejudice and there still remains ample time for the respondents to consider the said protests and enter their final assessments by May 25,1959. As the court has indicated, it is of the opinion, that it was indeed, to correct any injustice that would result to taxpayers, who were prevented from filing their protests on Sunday because the place for filing was not open for business, that the Legislature enacted section 25-a, so that such filing could be done on the following business day. There is no language in section 25-a from which the court may say that it was the intent of the Legislature that when the last day for filing a tax protest falls on a Sunday or legal holiday, that such protest must be filed on the day preceding such last day, rather than on the next succeeding business day as the Legislature enacted and intended. The construction sought by the respondents of section 25-a would defeat the legislative intent and the purpose sought to be accomplished by the statute.
Accordingly, the court is of the opinion that the petitioner and the 2,500 other taxpayers similarly situated are entitled to the relief prayed for.
The motion for the order prayed for is granted.
Submit order.