In the Matter of RAYMOND GOGLAS, as Guardian ad Litem of RAYMOND GOGLAS, JR., an Infant, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.

APPEAL from order of the Supreme Court at Special Term, entered December 2, 1960, in Bronx County, which granted a motion by respondent for an order to file a notice of claim *munc pro tunc*, on behalf of the infant.

MEMORANDUM BY THE COURT. Order entered on December 2, 1960, granting permission to file notice of claim pursuant to section 50-e of the General Municipal Law more than 90 days after accrual of infant's cause of action reversed, on the law and on the facts, and application denied, without costs. The failure to file the notice with the proper public officer within the statutory time is here shown to have been due to the inadvertence of counsel. It has been consistently held in this Department that such a failure is not "by reason of" the disability of infancy within the language of subdivision 5 of section 50-e (*Ringgold* v. *New York City Tr. Auth.*, 286 App. Div. 806; *Schnee* v. *City of New York*, 285 App. Div. 1130, affd. 1 N Y 2d 697).

EAGER, J. (dissenting in part). The infant here was 12 years of age. He was within the "middle period" of infancy existing between the immature years (under 10 years of age) and the riper years, of ordinary physical and mental capacity. (See *Russo* v. *City of New York*, 258 N. Y. 344; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397.) An infant in this "middle period" is not considered to have the mental capacity to protect his or her rights. (*Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282, 285.) In fact, an infant must arrive at age 14 before he is given by law the right to proceed on his own for the enforcement, protection or preservation of his legal rights. Provision is made for a petition by an infant over 14 for the appointment of a guardian ad litem or general guardian or for the sale of real property owned by him, and for the joining by such an infant in the petition for settlement of

a claim for personal injuries or other claim; but if the infant is under 14 the petition is generally to be made by a parent or the person with whom he resides or having custody of him. (See Civ. Prac. Act, §§ 203, 1321, 1387; Rules Civ. Prac., rule 290; Surrogate's Ct. Act, § 175.)

In view of limited capacity of infants under 14, the courts have been prone to be liberal in the exercise of discretion to excuse the default of such an infant and the filing of notice of claim against a municipality. And, particularly, such an infant, presumably lacking the capacity to think and proceed for himself, should not be charged with the neglect or carelessness of his parents, or of attorneys retained by them, in the matter of the compliance with the statutory requirements. (See *Galerneau* v. *North Colonie Cent. School Dist.*, 7 A D 2d 693; *Hogan* v. *City of Cohoes, supra; Matter of Ciaffone* v. *Board of Educ.*, 5 A D 2d 884; *Podlevsky* v. *New York City Housing Auth.*, 144 N. Y. S. 2d 621; *Matter of Aufiero* v. *Town of Eastchester*, 282 App. Div. 1048; *Matter of Lessman* v. *City of New York*, 6 Misc 2d 671; *McVeety* v. *City of New York*, 87 N. Y. S. 2d 631.) To invariably deny an infant relief because of such neglect and carelessness could result in grave injustice in a given case and is contrary to the general policy of the courts. Infants are said to be the wards of the courts, and, where authorized by law, the discretion imposed in courts is to be exercised to protect their rights.

The authoritative decisions in this Department do not speak for an absolute adherence to a doctrine that an infant is to be denied relief where an attorney is timely retained by his parents and default occurs because of the neglect of the attorney to timely or properly file the notice of claim. They merely hold that such failure is a decisive factor where the infant is of mature age and may be said to have left the matter in the hands of the attorney. Thus, in *Matter of Ringgold* v. *New York City Tr. Auth.* (286 App. Div. 806) the infant was 19 years of age and he, himself, retained the attorney who failed to properly file a notice of claim for him, and thus, it was correctly held there that the failure to give timely notice was not by reason of infancy.

The decisions in our Department merely do hold, as they properly should, that an infant, who has reached an age of ordinary physical and mental capacity, will be held strictly accountable for neglect to comply with the statutory directive, whether it be neglect on his part or on the part of a parent or attorney with whom he has knowingly vested responsibility in the matter. For example, in *Schnee* v. *City of New York* (285 App. Div. 1130, affd. 1 N Y 2d 697) a "mature girl of almost twenty years, who, within a matter of days, undertook the responsibilities of marriage", and merely claimed that she did not file a claim because she "'did not think much of the injury'". The court said that "Her ignorance of the scope of the injury is not shown to have resulted from immaturity"; and correctly held that "Under these circumstances, therefore, the failure to comply with the statute cannot be said to be 'by reason' of her infancy".

The discretion of the court in a given case is to be exercised in the light of all the facts and circumstances. By statute, the court is specifically given the right, within one year of the accident, to act "in its discretion" to grant leave to an infant to serve a notice of claim "within a reasonable time" after the 90-day period. (General Municipal Law, § 50-e, subd. 5.) However, inasmuch as relief from default is to be granted only upon a showing of a "cognizable relation between the fact of infancy and the failure to file within the short statutory time limitation" (*Schnee* v. *City of New York, supra*), relevant particularly are the details concerning the capacity of the particular infant. Also, depending upon the circumstances, consideration may be given to the nature and extent of the infant's injuries and his disability therefrom, if any;

proceedings by parents in behalf of the infant, if any; the knowledge of the municipality concerning the happening of the accident and prejudice or lack of prejudice to it; when counsel was consulted and by whom and what he did; and in detail the reasons for the default. (See *Matter of Samatin* v. *Board of Educ.*, 13 Misc .2d 646, LEVY, J.) Then, upon a proper showing, the court may and should act to the end that the statute shall not become "a trap for the unwary and ignorant", and, also, in furtherance of the purposes of the statute, namely, to safeguard the municipality against fraudulent and "stale" claims by providing the notice necessary for prompt investigation (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265).

In view of the foregoing, the papers on the particular application here before the court are inadequate and do not constitute a proper presentation upon which the court may exercise its discretion in favor of the infant. Therefore, I concur in the reversal of the order appealed from, but under the circumstances would remand to Special Term with leave for submission by the parties of further affidavits and a reconsideration of the matter thereon. (See *Matter of Brown* v. *New York City Housing Auth.*, 12 A D 2d 590.)

Botein, P. J., Breitel and Bergan, JJ., concur in Memorandum by the court; Eager, J., dissents in part in opinion in which Stevens, J., concurs.

Order reversed, on the law and facts and application denied, without costs.