Clare J. Hoyt, J.
This is a motion by petitioner on behalf of himself and his infant son for leave to file a late notice of claim against the City of Poughkeepsie pursuant to subdivision 5 of section 50-e of the General Municipal Law.
The claim is based upon an alleged injury to the infant on July 22, 1961 by reason of his being pushed by a fellow bather against the concrete wall of a pool while the infant was bathing at the Spratt Park Pool, a municipal pool operated by the City of Poughkeepsie. It is alleged that the infant sustained a chipped tooth and a laceration of the lip and mouth.
*57 It is conceded that the court is without power to grant an application to file a late notice of claim if more than one year has elapsed since the happening of the accident (Matter of Martin v. School Bd., 301 N. Y. 233; Matter of Brown v. Board of Trustees, 303 N. Y. 484; Matter of Gardiner v. Board of Educ., 276 App. Div. 977; Chikara v. City of New York, 10 A D 2d 862). The issue to be determined here is whether this application was made within the period of one year after the happening of the accident, July 22,1961.
Under the provisions of section 20 of the General Construction Law, the date from which any reckoning of time is made is excluded in making the computation. Thus, here, the date of injury, July 22,1961, is excluded and the one-year period begins to run on July 23, 1961. One year therefrom would expire on July 22, 1962, and that would be the last day of the one-year period (see Matter of Kaplan v. City of New York, 17 Misc 2d 181; Ekas v. City Cab Co. of Jamestown, 203 Misc. 730).
July 22, 1962 fell on a Sunday. Section 25-a of the General Construction Law provides that any act which is required to be done within a period ending on a Sunday, may be done on the next succeeding business day. The expiration of the one-year period, thus, became July 23,1962.
On July 23,1962, the Chamberlain and the Corporation Counsel of the City of Poughkeepsie each were personally served with an undated notice of motion which sought an order permitting the filing of the notice of claim. The notice of motion was not accompanied by any affidavit nor by the proposed notice of claim.
Subdivision 5 of section 50-e of the General Municipal Law provides that the application for leave to file the notice of claim shall be made upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim.
On July 25,1962, the attorney for petitioners served the Chamberlain and the Corporation Counsel by ordinary mail with a copy of the notice of motion, affidavit and proposed notice of claim. This service was not made in accordance with subdivision 3 of section 50-e which requires personal service or service by registered mail.
After giving every favorable consideration to petitioners, the court must conclude that this application was not properly instituted within the period prescribed by law. Accordingly, the application is denied.