PABLO MANGUAL ET AL., ETC., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, ANTONIO J. MATTA, Judge, Respondent.

No. C-62-31.    Decided May 31, 1963.

---

476

*Inez Acevedo de Campos* and *Francisco Vázquez Gutiérrez* for petitioners.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On November 9, 1961, Pablo Mangual and his wife Evarista Rivera, in their own right and in the exercise of the patria potestas over their minor son Nelson, brought an action for recovery of damages against the Municipality of Coamo alleging substantially that on February 3, on the occasion of the celebration of the patronal festival, the minor suffered severe injuries when he was struck by a skyrocket which was set off as part of the display of fireworks sponsored by the municipality for the splendor of the festivities.[1] They claimed an indemnity of $40,000 to compensate the damages suffered by the minor and $5,000 for the mental anguish and suffering sustained by the parents.

Defendant municipality moved for dismissal of the action alleging that the facts stated in the complaint failed to state a claim to warrant the granting of the remedy. The motion having been set for hearing, the judge apparently entered in open court an order granting the dismissal on the ground

---

[1] On the liability of a municipality for accidents resulting from the use of fireworks, see *Bonet* v. *Municipality of Barceloneta*, 87 P.R.R. 74 (1963), and *Padilla* v. *Municipality of Manatí, ante*, p. 18.

that it did not appear from the pleadings[2] that compliance was had with the provisions of § 96 of the Municipal Law of 1960, No. 142 of July 21, 1960, 21 L.P.R.A. § 1603, which in its pertinent part reads as follows:

"(a) Any person having any claim against a municipal corporation for damages to the person or property, caused through the fault or negligence of the municipal corporation, shall present to the chief executive of the municipality a written notice setting forth clearly and concisely the date, place, cause and general nature of the damage sustained, the amount of monetary compensation or the type of remedy adequate to the damage sustained, the names and addresses of his witnesses and the address of the claimant as well as the place where he received medical treatment for the first time.

"(b) Said notice shall be delivered to the chief executive of the municipal corporation by sending it by registered mail or through personal service on him or in any other proper manner recognized by law.

"(c) The said written notice shall be presented to the municipal chief executive within ninety days following the date on which the claimant learned of the damages he is claiming for. If the claimant is mentally or physically incapacitated to give said notice within the term prescribed, he shall not be subject to the limitation above provided but shall be bound to give said notice within thirty days following the date on which such incapacity ceases.

"(d) If the aggrieved party is a minor, or is under guardianship, the person exercising the patria potestas or custody of the minor, or the guardian, as the case may be, shall be under obligation to make known the claim within ninety days following the date on which he had knowledge of the damages claimed for. The foregoing shall not prevent the minor or the ward from giving the said notice within the term prescribed, motu proprio, if the person having the patria potestas, custody or guardianship shall fail to do so.

---

[2] On the necessity of pleading affirmatively in the complaint of having given requisite notice, see Annotation, *Necessity and sufficiency of plaintiff's pleading of having given requisite notice or presented claim to municipality or other public body,* 83 A.L.R.2d 1178 (1962).

"(e) No judicial action may be instituted against a municipal corporation for damages caused by the fault or negligence of the latter if written notice thereof is not given in the form and manner and within the terms prescribed in this subtitle. The foregoing applies only to damages caused by any municipal corporation subsequent to the effectiveness of this subtitle."

A period of 30 days was also granted to plaintiff to comply with the provisions of the Municipal Law and the proceedings were postponed until then.

Defendant moved for summary dismissal of the complaint alleging that the only notice received by the Mayoress of Coamo was dated January 10, 1962, and, hence, after the expiration of the 90-day period provided in § 96(d) *supra.* The notice received was attached to the motion.[3] The corresponding hearing having been held, respondent court complied with the request and it therefore rendered judgment dismissing the complaint. We issued a writ of certiorari to review this judgment.

■ The purposes of statutes requiring notice to the municipalities as a condition precedent to bringing judicial action for recovery of damages are: 1) to give to these political agencies an opportunity to investigate the facts giving rise to the claim; 2) to discourage unfounded claims; 3) to facilitate prompt settlement; 4) to permit the immediate inspection of the scene of the accident before conditions change; 5) to discover the name of the persons who have knowledge of the facts and to interview them while their recollection is more trustworthy; 6) to notify the municipal authorities of the existence of the claim to enable them to make the necessary reserve in the annual budget;

---

[3] Defendant did not present any statement or document in opposition to the motion for summary judgment. Therefore, no question on the waiver by the municipality of the notice requirement or on the estoppel to assert it is involved. See Annotation, *Waiver of, or estoppel to assert, failure to give required notice of claim of injury to municipality, county, or other governmental agency or body,* 65 A.L.R.2d 1278 (1959).

and 7) to minimize the amount of the damages sustained by prompt intervention offering proper medical treatment and providing hospitalization facilities to the injured party. Bohannon, *Municipal Corporations—Notice of Claim in Negligence Cases*, 35 Va. L. Rev. 1101, 1103 (1949); Annotations, 12 U. Fla. L. Rev. 109 (1959); 27 Fordham L. Rev. 289 (1958); 7 Buffalo L. Rev. 485, 487 (1958); Annotation, 34 A.L.R.2d 725, 728 (1954). McQuillin[4] characterizes them as expressions of a public policy aimed at saving the expenses incurred in needless litigation. In the course of the debate in the House of Representatives on the bill which later became the Municipal Law, the only statement which may be considered as relating to the legislative purpose in enacting § 96, copied above, was made by Representative Méndez, who said that ". . . if a municipality can be sued, why can it not be provided by law, and by the Municipal Law, that it must be the exact place, those prenotices to enable the municipality to have some defense?"[5]

McQuillin, *op. cit.*, § 53.154, points out that these provisions on notice of accidents are interpreted to be mandatory and that the giving of such notice is generally held to be a condition precedent to suit. "Proper notice is an essential part of the cause of action, and, unless such notice is given, there is no right to sue," he says. 3 Yokley, Municipal Corporations, § 448 (1958), and 2 Antieau, Municipal Corporation Law, § 11.17 (1961), hold the same view.

In the absence of an express provision on delay or lack of notice, the American courts have taken three different views on the problem as to whether claimant's minority is sufficient to excuse noncompliance with such requisite. In a number of jurisdictions—which apparently constitute the majority—it has been held that compliance with such requisite is indispensable, alleging that this is a legitimate condi-

---

[4] The Law of Municipal Corporations, vol. 18, § 53.153 (3d ed. 1950).
[5] 10-4 Journal of Proceedings 1783 (1958).

tion which the political subdivision may impose in order that it may be sued, and that when the statute does not contain an express provision excusing compliance, it is evident that the legislative intention is that it be applied equally to all claimants, regardless of their physical or mental condition. *Kelleher* v. *Ephrata School District No. 165, Grant Co.*, 355 P.2d 989 (Wash. 1960); *Goncalves* v. *San Francisco Unified School District*, 332 P.2d 713 (Cal. 1959); *Jones* v. *City Council of Augusta*, 110 S.E.2d 691 (Ga. 1959); *Albaeck* v. *Santa Barbara County*, 266 P.2d 844 (Cal. 1954). Other courts have taken a diametrically opposed view and excuse noncompliance with the notice requirement considering that the latter presupposes a person capable to do it, *Sowers* v. *Forsyth Warehouse Company*, 123 S.E.2d 603 (N.C. 1962); *Carter* v. *City of Greensboro*, 106 S.E.2d 564 (N.C. 1959), and recognize that the physical condition of the aggrieved party may have prevented him from doing it—in other words, the severity of the injuries received is the reason for his not giving notice—or, in the case of infants, that the latter have no one to represent them or to act as their agent. *Atlanta* v. *Barrett*, 116 S.E.2d 654 (Ga. 1960). A third intermediate view distinguishes between infants and minors sufficiently capable to discern competently on this matter. For an elaborate discussion, consult the Annotation, *Infancy or incapacity as affecting notice required as condition of holding municipality or other political subdivision liable for personal injury*, 34 A.L.R.2d 725 (1954).

It may be asserted that the interpretation on the mandatory character of the notice depends, in the last analysis, on the wording of the statute. It is necessary, therefore, to examine carefully § 96 in the light of its legislative history and of the institution of patria potestas to arrive at a conclusion on the question raised. It is well to point out that in the chapter comprising the general provisions of the Municipal Law it is expressly provided in § 95, 21 L.P.R.A. § 1602, that the

Superior Court shall have jurisdiction, at the request of the aggrieved party, "to grant, through ordinary action, compensation for damages to parties injured by acts or omissions of municipal officers or employees through malice or inexcusable negligence or ignorance," and that the following § 96 is the section which conditions the exercise of the action for recovery of damages to the person or to the property caused through the fault or negligence of the municipal corporation. It is also worth noting that from the sparce legislative history available it appears that the notice requirement was considered substantive in character.[6]

After providing that the notice shall be served within 90 days following the date on which claimant learned of the damages, subd. (c) admits by exception that if the claimant is mentally or physically incapacitated to do so within such term, he may present it within 30 days following the date on which such incapacity ceases. This takes care of the objection which could be raised to the effect that the notice presupposes a person capacitated to do it. In the case of infants, subd. (d) expressly provides that the parent exercising the patria potestas shall be under obligation to serve notice of the claim, thereby supplying the latter's lack of capacity. The primary obligation is imposed on the parent, although the minor is not precluded from doing it personally if the person obligated fails to do so. This is consistent undoubtedly with the duty of the parents, flowing from the patria potestas, to represent their children. Section 153 of the Civil Code, 31 L.P.R.A. § 601; *cf.* Rule 15.2 of the Rules of Civil Pro-

---

[6] "Mr. Santaliz Capestany: The first is, does not the colleague believe that by your amendment you are incorporating in the Municipal Law rules of procedure which should be embodied in separate legislation? That is, rules of procedure providing how or when a proceeding against a municipality should be brought.

"Mr. Aponte: If you ask me, I say no. I honestly believe not. *They are rules of substantive character.*" (Journal of Proceedings, vol. *supra* at 1783.)

cedure of 1958. The absence of the institution of the patria potestas, with its set of powers and duties, helps to explain why in some jurisdictions it has been held that compliance with the notice requirement may be excused in the case of a minor, since precisely it is not recognized or admitted therein that their incapacity be supplied by the father or mother. In *Rosenberg* v. *City of New York*, 130 N.E.2d 629, 631 (1955), emphasis is placed on the fact that the statute did not expressly authorize anyone to act on behalf of the infant. See comment in 30 St. John's L. Rev. 293 (1956).

Furthermore, apparently § 96 was taken mostly from § 50-e of the General Municipal Law of New York, Mc-Kinney's, Consolidated Laws of New York, Book 23, pp. 85–86, which expressly contains a provision[7] permitting the courts to grant leave to serve notice even after the expiration of the 90-day period, upon showing of just cause for the delay, *In re Negrone*, 224 N.Y.S.2d 172 (1962) ; *Goglas* v. *New York Housing Authority*, 216 N.Y.S.2d 756 (1961) ; *Manceri* v. *City of New York*, 198 N.Y.S.2d 388 (1960) ; *In re Colon*, 192 N.Y.S.2d 925 (1959) ; *Spicer* v. *City of Watertown*, 189 N.Y.S.2d 407 (1959), and provided it is done within one year after the happening of the event on which the claim is based. *Agress* v. *City of New York*, 214 N.Y.S.2d 24 (1961) ; *Chikara* v. *City of New York*, 199 N.Y.S.2d 829 (1960) ; *Martin* v. *School Board of Union Free District*, 93 N.E.2d 655

---

[7] "Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor, or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice, the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one.

"Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim, upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim."

(1950); Annotations, 7 Syracuse L. Rev. 182 (1955); 1 Buffalo L. Rev. 64 (1951); 24 St. John's L. Rev. 318 (1950); 2 Syracuse L. Rev. 177 (1950). It is significant that this subdivision was not incorporated in our Act inserting instead subds. (c) and (d) to which we have made reference.

■ All of the foregoing leads us to conclude that in Puerto Rico compliance with the notice requirement is a condition precedent of strict compliance in order to be able to sue the municipality.[8]

The writ issued will be quashed and the judgment rendered by the Superior Court, Ponce Part, on March 13, 1962, will be affirmed.

_____

[8] *Guzmán* v. *Industrial Commission,* 85 P.R.R. 674 (1962), and *Cuebas* v. *Porto Rican & American Ins. Co.,* 85 P.R.R. 601 (1962), raise a different problem, since they involved notice requirements in connection with insurance policies in which the interpretation must be favorable to the insured.