In the Matter of GOLDIE FISCHMAN, an Alleged Incompetent, Appellant. YETTA ROWAN, Appellant; EVA BERG et al., Respondents.— In a proceeding to declare Goldie Fischman an incompetent and to appoint a committee for her estate, the alleged incompetent person and Yetta Rowan, one of her daughters, appeal: (1) from an order of the Supreme Court, Kings County, dated June 16, 1964, which directed a jury trial of the issues; and (2) from an order of said court, dated June 29, 1964, which appointed a receiver of the alleged incompetent's property and enjoined its transfer. Appeal dismissed, with costs to the special guardian payable out of the estate of the alleged incompetent, and without costs to any of the other parties. The court has been advised by the appellants' counsel that the alleged incompetent had died a few days after the argument of this appeal. Although this court has the power to decide an appeal *nunc pro tunc* where the death of a party intervenes between the submission or argument of the appeal and its disposition, we do not deem it provident to exercise that power in this case (see *Rattray* v. *Raynor,* 10 N Y 2d 494). An incompetency proceeding is *sui generis.* Here the issue of incompetency was never adjudicated; and we will not perpetuate the matter, even as to an appeal from intermediate orders, after the death of the alleged incompetent (see *Matter of Frank,* 283 N. Y. 106). In view of the alleged incompetent's death, the issues presented, dealing essentially with the propriety of the directive for a jury trial on the question of the alleged incompetency and with the propriety of the appointment of a temporary receiver, are moot and of no consequence. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

In the Matter of ELBIN REALTY No. 2, INC., Appellant, v. WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Respondents.— In a proceeding under article 78 of the CPLR, to compel the New York City Tax Commission to accept as timely filed the petitioner's written protest against a real property tax assessment, and to require the said commission to act upon such protest, the petitioner appeals from a judgment of the Supreme Court, Queens County, entered July 6, 1964 upon the opinion of the court, which denied its application and dismissed its petition. Order reversed on the law, without costs, and petition granted, without costs. The findings of fact implicit or contained in the opinion below are affirmed. Sections 160 and 163 of the New York City Charter provide that the assessment books shall be open for public inspection from February 1 until March 15, and that an application for correction of an assessment may be filed "During the time that the books * * * are open for public inspection" (§ 163). In 1964, the date of March 15 fell on a Sunday. On Friday, March 13, petitioner mailed an application for correction of an assessment to the Tax Commission. The application was not received until Monday, March 16. The Tax Commission refused to act on it upon the ground that it was not timely filed. We believe the Tax Commission erred. It is our opinion that section 25-a of the General Construction Law is applicable to the situation at bar; and that by virtue of such section the filing time here was extended until Monday, March 16 (*Matter of Fay* v. *Boyland,* 18 Misc 2d 150; *Matter of Zazzi* v. *Boyland,* N. Y. L. J., June 29, 1964, p. 13, col. 4). That being so, petitioner's application was timely filed. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.