OPINION OF THE COURT
John R. Tenney, J.
Movants seek permission to serve a late notice of claim against the City of Rome (City). The claims are founded upon alleged violations of plaintiffs’ constitutional and statutory rights (42 USC § 1983) by City personnel, associated with the City jail, following plaintiffs’ arrest by the Oneida County Sheriff’s Department.
The arrest, incarceration and subsequent release from custody all took place on June 4, 1984. This date commences the 90-day period within which the notice of claim must be filed. The City claims that the period expired on September 1, 1984. Plaintiffs point out, however, that September 1 was a Saturday, September 2 was a Sunday and September 3 was Labor Day, a legal holiday. Thus, under General Construction Law § 25-a, the final day for filing a notice of claim was September 4.
The City contends that section 25-a is not applicable to a notice of claim since the 90-day limitation must be strictly *810 construed. (Matter of Phillips v Village of Frankfort, 31 Misc 2d 815.) This contention is without merit. Section 25-a deals with all statutorily defined time periods and clearly states: “1. When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day” (emphasis supplied). The statute has been applied to a wide variety of statutory time periods and, by its terms, should also apply here. (See, e.g., Matter of Scuderi v Board of Educ., 49 AD2d 942, appeal dismissed 38 NY2d 848 [file CPLR article 78 petition]; Farber v Besi Cab Corp., 41 Misc 2d 296 [three-year Statute of Limitations for tort]; Matter of Aposporos v City of Poughkeepsie, 37 Misc 2d 56 [one-year period to seek leave to file late notice of claim]; Matter of Fay v Boyland, 18 Misc 2d 150 [payment of taxes].) Thus, the 90-day period in this case expired on September 4, 1984.
On that date, plaintiffs’ attorneys mailed the notice of claim to the City by certified mail. However, although the notice was properly addressed to the Clerk, City of Rome, it contained the address of the Rome City Court Clerk, to whom the notice was delivered. Upon learning of this mistake, plaintiffs’ counsel remailed the notice on September 6,1984, two days after the 90-day period expired.
No other excuse is cited by claimants. They nevertheless request that the court exercise its discretion under General Municipal Law § 50-e (5) which states: “The court shall also consider all other relevant facts and circumstances, including * * * whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted”. Claimants allege that a mistaken address is within the scope of “an excusable error concerning the identity of the public corporation”, and that this should serve as the basis for exercise of the court’s discretion. The court agrees, and the application for permission to file a late notice of claim is granted.