GEORGE VAN TASSELL, Appellant, *v.* ROBERT K. HILL, Respondent.

Fourth Department, April 13, 1955.

*John F. Gates* for appellant.

*Gustav P. Blaustein* for respondent.

McCURN, P. J.   This is an appeal from an order of the Special Term granting a motion for summary judgment dismissing plaintiff's complaint pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act.

The action is brought to recover property damage to plaintiff's trailer allegedly caused by the negligence of the defendant. The defendant at the time was in the course of his employment

as a school bus driver and was operating a school bus belonging to the Elbridge Central School District No. 3. No notice of claim was served pursuant to section 50-e of the General Municipal Law. If the action comes within the purview of section 50-b of the General Municipal Law, then by reason of the provisions of section 50-c of the General Municipal Law no such action may be maintained unless notice of claim shall have been served in compliance with section 50-e.

Section 50-b by its terms applies to " Every county, city, town, village and other subdivision of government ". Prior to 1941, the word " county " and the words " and other subdivision of government " were not a part of this section. They were added by chapter 852 of the Laws of 1941. A school district is a civil division of the State. (*Herman* v. *Board of Educ.*, 234 N. Y. 196, 202 [1922].) It is likewise known as " governmental subdivisions of the State ". (See *Village of Kenmore* v. *County of Erie*, 252 N. Y. 437, 442 [1930].) A school district is also a municipal corporation within the purview of the General Corporation Law (see General Corporation Law, § 3). Notwithstanding the limited definition of a municipal corporation as contained in section 2 of the General Municipal Law, we think that when the Legislature added the words " and other subdivision of government " to section 50-b in 1941, it intended thereby to include a school district. Sections 50-a, 50-b and 50-c of the General Municipal Law when read together lend strength to that view. These sections evidence a legislative intent to eliminate the defense of governmental function to all actions by a person injured or damaged as a result of the negligent operation of a vehicle owned by any municipality or subdivision of government when operated in the performance of a governmental function, and in such cases to provide for indemnification of the negligent employee so engaged in the performance of a governmental function within the scope of his employment.

The appellant further contends that there is no sufficient showing upon this record that defendant was " duly appointed " to the position of school bus driver. The records of the school district show that in 1942, the defendant was appointed to the position upon the unanimous vote of the board of education and has served in that position and received the salary therefor from that time up to and including the happening of the accident in 1947. The school superintendent makes an affidavit that he had knowledge of and approved such employment. (See former section 110-d now section 3624 of the Education Law.) The

appellant points out that it does not appear from the papers upon the motion whether or not defendant's appointment in 1942, and his employment since that time was in compliance with the civil service law and any applicable rules and regulations. Appellant contends that it was error to dismiss the complaint in the absence of an affirmative showing that defendant's appointment and employment was in compliance with the Civil Service Laws. We think, however, that in the absence of any contrary showing the Special Term could presume that the appointing authority acted legally. (*People* v. *Fisher,* 223 N. Y. 459, 464; *Ramsay* v. *Hayes,* 187 N. Y. 367, 370.) If there was failure to comply with the Civil Service Law the defendant is, of course, subject to removal from his position. That would not, however, in our opinion, affect the legality of his acts already performed. He was not a stranger to the position — he occupied the position under a color of right for a period of several years — performed the duties, received the salary and within the scope of his employment was engaged in the performance of a statutory duty resting upon the school district. The school district takes the position that he was legally appointed and the parties have acted in good faith. Even if it should now develop that the title to his position is defective, such a discovery would not, in our opinion, invalidate or change the nature of his acts already performed so as to render inapplicable the liabilities or the benefits conferred by section 50-b. He was at least a *de facto* appointee. The public interest and the interest of third parties is involved. We think that under the principles applicable to *de facto* officers and appointees the acts of the defendant in performing the duties of the position are valid and binding upon the school district and therefore subject to the application of sections 50-b and 50-c of the General Municipal Law.

We conclude therefore that a notice of claim as prescribed by section 50-e is a condition precedent to the prosecution and maintenance of the action, and that since no such notice was served the complaint was properly dismissed.

The order should be affirmed.

All concur. Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

Order affirmed, with $10 costs and disbursements.