LEONARD A. SEYER et al., as Administrators of the Estate of FLORENCE E. SEYER, Deceased, Appellants, *v.* JOHN H. SCHOEN et al., Respondents.

Fourth Department, July 9, 1958.

178

*P. Sidney Hand, Rolland B. Marvin* and *Garrett T. Mahon* for appellants.

*Edward Rook* for respondents.

BASTOW, J. Plaintiffs, as administrators, in this action seek to recover damages resulting from the death of their intestate as the result of a collision between a motor vehicle owned and operated by the decedent and a fire truck owned by the defendant, Salina Fire District, and operated by defendant, Schoen, a duly appointed volunteer fireman of defendant, Mattydale Fire Department, Inc.

The complaint has been dismissed under rule 106 of the Rules of Civil Practice for legal insufficiency upon the ground that it fails to contain therein an allegation that a notice of claim was served. It is conceded that this was not done. The defendants contend that a fire district is within the purview of section 50-b of the General Municipal Law and by operation of section 50-c of that law, the complaint must allege compliance with section 50-e thereof.

In our opinion sections 50-b and 50-c are here inapplicable and the controlling requirements are found in section 205-b of that law. This section was enacted in 1934 and was last amended in 1936. It provides that " Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firemen, except for wilful negligence or malfeasance. Nothing in this section contained shall in any manner affect the liability imposed upon cities, towns and villages by section

two hundred eighty-two-g of the highway law, but fire districts created pursuant to law shall be liable for the negligence of volunteer firemen duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district, provided such volunteer firemen, at the time of any accident or injury, were acting in the discharge of their duties. Judgments recovered against a fire district pursuant to this section shall be levied upon the taxable property of such district in the same manner as moneys raised for the support of the district.''

The provisions of former section 282-g of the Highway Law therein referred to are now found in sections 50-a and 50-b of the General Municipal Law. Prior to 1941, section 50-b was applicable to cities, towns and villages. In that year (L. 1941, ch. 852) the statute was broadened to embrace ''Every county, city, town, village and other subdivision of government.'' (Cf. *Van Tassell* v. *Hill*, 285 App. Div. 584.) The defendants contend that a fire district is a '' subdivision of government '' and by virtue of the provision of section 50-c an action such as this may not be maintained unless it appears in the complaint that there has been compliance with the provisions relating to service of notice as found in section 50-e.

It is plain and must be conceded that section 205-b — with which we are here concerned — has never contained, or made reference to any other section containing a requirement that service of notice was requisite to the bringing of an action thereunder. The defendants contend, however, that when the Legislature in 1941 amended section 50-b to include all subdivisions of government that section 205-b was repealed by implication. We recognize the general rule of statutory construction that if a later statute covers the whole subject and was intended by the Legislature to furnish the only law on the subject, the former is repealed by implication (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 399). Here the claimed repeal does not meet that test. Section 50-b, as amended, does not cover the whole subject matter found in section 205-b. The former section simply provides for governmental assumption of liability for negligence of, and saving harmless, persons duly appointed. On the other hand section 205-b expressly exempts volunteer firemen, who are members of a volunteer fire company, for any act, except willful negligence or malfeasance, done by them in the performance of their duties. Furthermore, both volunteer fire companies, which may be membership corporations (Membership Corporations Law, art. X), and volunteer firemen are protected by the assumed liability of fire districts for the

negligence of volunteer firemen in the operation of vehicles owned by the district. (Cf. *Heifetz* v. *Rockaway Point Volunteer Fire Dept.*, 282 App..Div. 1062.) Moreover, this section further provides for the method of raising funds to pay judgments recovered thereunder. (See, also, Town Law, § 176, subd. 28, as added by L. 1940, ch. 471.)

We are unable to find any implied repeal of section 205-b by the 1941 amendment of section 50-b. Such repeal "is not favored and will be decreed only where a clear intent appears to effect that purpose." (*City of New York* v. *Maltbie,* 274 N. Y. 90, 97.) " Such repeals will not be discovered unless the conclusion is unavoidable, as when repugnancy between the two statutes is plain * * *. If by any fair construction, both statutes can be given operation, implied repeal will not be declared ". (*Cimo* v. *State of New York,* 306 N. Y. 143, 148–149; see, also, *Society of N. Y. Hosp.* v. *Johnson,* 5 A D 2d 552, 555.)

The conclusion that an action brought under section 205-b does not require service of a notice of claim is fortified by an examination of the history of section 50-e. This section was enacted in 1945 (ch. 694) as the result of a study made by the Judicial Council. (See Tenth Annual Report of N. Y. Judicial Council, 1944, pp.' 265, 283; Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 51–52.) The enactment states in part that " In any case founded upon tort *where a notice of claim is required by law* as a condition precedent to the commencement of an action * * * against a *public corporation,* as defined in the general corporation law * * * the notice shall comply with the provisions of this section ". (Emphasis supplied.) It is significant that the Legislature recognized that there might be tort actions against a public corporation where no notice is required. A public corporation includes not only a municipal and public benefit corporation, but also a district corporation. The latter includes a fire district. (General Corporation Law, § 3.)

The section (§ 50-e) in six subdivisions outlines the procedure for the form of notice, service thereof, excusing the giving of notice and amendment thereof. Then in subdivision 7 it is stated that the " section shall not apply to claims arising under the provisions of the workmen's compensation law, nor to claims arising under article ten of the general municipal law." Section 205-b is found in that article, which is entitled " Firemen and Policemen " and contains various provisions relating to them as well as to the liabilities of fire districts and municipalities. Furthermore, section 50-e was amended in 1957 (ch. 383)

to provide in subdivision 7 that the section should not apply to claims arising under the Volunteer Firemen's Benefit Law (L. 1956, ch. 696, as amd.) and the broad exclusion of all claims arising under article 10 of the General Municipal Law was continued.

The defendants contend that this action is within the purview of sections 50-b and 50-c of the General Municipal Law. We are unable to agree. Both sections are different liability statutes than section 205-b. Section 50-b is a " save harmless " statute and requires the subdivision of government to assume the liability of the employee and covers the operation of a vehicle anywhere in the State. Section 50-c is another save harmless statute protecting municipal firemen and policemen of a city, town or village. Section 205-b expressly exempts volunteer firemen from civil liability except for willful negligence or malfeasance. It specifically casts liability upon fire districts for the negligence of volunteer firemen in the operation of vehicles owned by the district " upon the public streets and highways of the fire district ". While not here pertinent, this section is sufficiently broad · to exempt a volunteer fireman from civil liability for negligence in driving his personal vehicle in the performance of his official duties. No such broad exemption is found in either sections 50-b or 50-c.

We conclude that the Legislature has failed to make provision that service of a notice of claim is a prerequisite to the bringing of an action under section 205-b. To the contrary, it has by a clear exception in subdivision 7 of section 50-e provided that the section shall not be applicable to the article of the law of which section 205-b is a part.

The order appealed from should be reversed and the motion denied.

All concur. Present — McCURN, P. J., KIMBALL, WILLIAMS, BASTOW and GOLDMAN, JJ.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.