■ MIRIAM ROBINSON et al., Appellants, v. NEW YORK CITY HOUSING AUTHORITY, Respondent.— In an action to recover damages for persona¹ injuries, and for medical expenses and loss of services, plaintiffs appeal from an order granting defendant's motion for summary judgment dismissing the complaint, and denying their cross motion to strike out, as insufficient in law, the defense that plaintiffs had failed to comply with section 157 of the Public Housing Law and section 50-e of the General Municipal Law. Order affirmed, without costs. Concededly the notice of claim was filed more than 90 days after the cause of action accrued. In our opinion, section 157 of the Public Housing Law, which prescribes a six-month period within which to file a notice of claim in a personal injury action, has been superseded by section 50-e of the General Municipal Law, which limits the period to 90 days. (L. 1945, ch. 694, § 13; General Corporation Law, § 3, subds. 1, 4; Public Housing Law, § 3, subd. 2; *Matter of Valente* v. *New York City Housing Auth.,* 201 Misc. 24; cf. *Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn.* v. *New York State Thruway Auth.,* 5 N Y 2d 420.) Respondent is a public corporation within the purview of the relevant statutes (General Municipal Law, § 50-e; General Corporation Law, § 3) since its profits, if any, would serve to reduce the rentals to be paid by its tenants, and thus would enure to the benefit of the People of the State, any of whom, from time to time, might become one of its tenants. Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the order, to deny defendant's motion and to grant plaintiffs' cross motion, with the following memorandum: Section 50-e applies only to a public corporation as defined in the General Corporation Law. A public corporation must be either a municipal corporation, a district corporation, or a public benefit corporation (General Corporation Law, § 2). Concededly the Housing Authority is not a municipal or a district corporation, and is not a public benefit corporation unless its profits enure to the benefit of this or other States, or to the people thereof (General Corporation Law, § 3). I am unable to find any statutory provision by which the profits from the housing projects operated by the Authority, if any, enure to the benefit of this State or other States or to the people thereof. [12 Misc 2d ·200.]