■ In the Matter of GEORGE GELLER, Appellant, v. JOSEPH J. LENNOX, as Commissioner of Assessment and Taxation of the Tax District Comprised of the City of Yonkers, et al., Respondents. (And 11 Other Proceedings.) — No opinion. Appeal from order entered May 19, 1958, dismissed, without costs; such order was superseded by the subsequent order granting reconsideration and adhering to the original decision. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ In the Matter of DOLORES NEGRONE, an Infant, by Her Guardian ad Litem, JOSEPH NEGRONE, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In a special proceeding under section 50-e of the General Municipal Law, for leave to serve a late notice of claim upon respondent, the New York City Transit Authority, the petitioner, an infant, appeals from so much of an order of the Supreme Court, Kings County, dated February 10, 1958, as, upon reargument, adhered to the original decision and denied her application to serve the late notice. Petitioner, 20 years old, sustained injuries when a subway train in which she was a passenger was in a collision with another subway train. The accident happened on April 19, 1957. A notice of claim was served on the office of the Comptroller of the City of New York on July 16, 1957. The latter, on August 2, 1957, disallowed the claim and referred petitioner's attorney to the respondent, the New York City Transit Authority. On November 22, 1957, about four months after the expiration of the 90-day period prescribed by statute, petitioner applied for leave to serve a late notice of claim on the ground that the delay was caused by the inadvertent error of petitioner's attorney, who served the Comptroller of the City of New York rather than the respondent New York City Transit Authority. The motion was denied on the ground that the failure to file a timely notice of claim on the respondent was not by reason of the infant's mental or physical disability. Order insofar as appealed from, affirmed, without costs (*Matter of Nori* v. *City of Yonkers*, 274 App. Div. 545, affd. 300 N. Y. 632; *Matter of Ringgold* v. *New York City Tr. Auth.*, 286 App. Div. 806; *Matter of Abiuso* v. *New York City Tr. Auth.*, 4 A D 2d 876). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.