Reid S. Moule, J.
The defendants City of Buffalo and Thomas M. Macaluso seek an order dismissing the complaint for legal insufficiency.
The action arises out of an accident in which it is claimed that a city-owned truck driven by Macaluso struck an automobile in which the plaintiffs Margaret Hahin and Robert Gerald Hahin were passengers.
Notice of claim was served on the city within 90 days after the accident, but the action was not commenced within a year and 90 days after the accident.
The defendants contend that by virtue of section 50-i of the General Municipal Law, the plaintiffs’ action is barred as to them, since it was not commenced within a year and 90 days after the accident.
The plaintiffs contend that, while their action against the city may be barred by section 50-i of the General Municipal Law, *1019 the provisions of the General Municipal Law do not apply to their common-law cause of action against Macaluso.
A proper determination of the question presented requires an examination of the applicable provisions of the General Municipal Law and the cases construing these and similar sections.
By virtue of section 50-b of the General Municipal Law, the city assumes the liability for the negligence of their employees while operating a municipally-owned vehicle on city business.
Section 50-c of the General Municipal Law by which the city assumes the liability for the negligence of firemen and policemen operating any vehicle on city business, provides in the last two sentences: “No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, shall be prosecuted or maintained against the municipality or appointee, unless notice of claim shall have been made and served in compliance with section fifty-e of this chapter. Every such action shall be commenced pursuant to the provisions of section fifty-i of this chapter ’ ’.
Section 50-e of the General Municipal Law provides for the form of the notice and also the time and method of service of it.
Section 50-i of the General Municipal Law provides in part, “ the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based ”.
In addition to sections 50-b and 50-c of the General Municipal Law in which cities assume liabilities, section 50-d provides for the assumption of liability for malpractice of certain physicians and dentists in certain public institutions.
Section 50-d of the General Municipal Law which in 1937 provided (L. 1937, ch. 483) that “No action shall be maintained under this section against any municipal corporation, physician or dentist unless the applicable provisions of law pertaining to the commencement of action and the filing of notice of intention to commence action against such municipal corporation shall be strictly complied with ” was interpreted in Derlicke v. Leo (281 N. Y. 266 [1939]). There an action was commenced against the doctor alone and no notice of claim was filed as required by section 50-d of the General Municipal Law. The complaint was dismissed because of the failure to serve the notice of claim on the city.
In a case involving section 50-b of the General Municipal Law where an action was started against a school bus driver alone and no notice of claim was served, the court held since the city was liable for the acts of the bus driver, an action could *1020 not be maintained against the bus driver nnless a notice of claim was served on the city. (Van Tassell v. Hill, 285 App. Div. 584 [4th Dept., 1955].)
While these cases involved the question of failure to give notice rather than failure to sue within the required time, the rationale on which they are based is that since the city must indemnify its employee, the city is the real party in interest and therefore the provisions of the General Municipal Law apply even though the action is against the employee alone. (Sandak v. Tuxedo Union School Dist. No. 3, 308 N. Y. 226 [1954]); O’Hara v. Sears Roebuck & Co., 286 App. Div. 104 [4th Dept., 1955].)
Consequently, I hold that the provisions of section 50-i of the General Municipal Law requiring that the action must be commenced within one year and 90 days after the accident applies not only to an action against the city but also to an action against the city’s employee.
The defendants’ motion to dismiss the complaint is granted, without costs; submit order accordingly.