Paul J. Widlitz, J.
This is a petition to amend a notice of claim nunc pro tunc to include the Massapequa Library Board of Trustees within a notice served on the Board of Education of Union Free School District No. 23, and to allow service to be made on the library trustees.
The claimant was injured on July 17, 1964 when an electric shock passed through his body while he was performing work in the construction of a library building in Massapequa. A notice of claim was timely served on the Board of Education of Union Free School District No. 23, and the petitioner’s attorney was subsequently served with a notice of examination from a law firm appearing in behalf of the “ Library Trustees of Union Free School District No. 23 incorrectly sued herein.” During the course of the hearing, the attorney conducting the examination stated he was amending his appearance to show that he only represented the Board of Education. No estoppel can be predicated on the mistaken or unauthorized appearance made by the attorneys for the Board of Education, and the conduct of the examination cannot confer any rights on the petitioner against the Massapequa Library Trustees in the absence of a showing that service of a notice of claim was made within the statutory period (General Municipal Law, § 50-e, subd. 3).
Section 255 of the Education Law authorizes the establishment of a public library by majority vote of the electors of any school district, and provides for the levy of taxes to equip and maintain such library. The management of a public library vests in trustees elected by the voters of the school district (Education Law, § 260), and within one month after taking office the first Board of Trustees is required to apply to the New York State Board of Regents for a charter (Education Law, § 261). A corporation so chartered by the Board of Regents is a district corporation within the purview of section 3 of the General Corporation Law. Although a district corporation and a school district are included within the definition of public corporations (General Corporation Law, § 3, subd. 1), a school district constitutes a municipal corporation (General Corporation Law, § 3, subd. 2), whereas a district corporation includes any territorial division of the State other than a municipal corporation *161 (General Corporation Law, § 3, suM. 3). The two districts, consequently, are separate and distinct corporate entities so that a notice of claim served on a Board of Education cannot be deemed to convey notice to the Board of Trustees of a library district (cf. Matter of Negrone v. New York City Tr. Auth., 15 A D 2d 676; Matter of Ringgold v. New York City Tr. Auth., 286 App. Div. 806; Matter of Coyle v. New York City Tr. Auth., 283 App. Div. 1083). The petition to amend the notice must be denied.
The observation is made that in making this application, the parties have apparently assumed that service of a notice of claim is a condition prerequisite to the commencement of an action against a public library. On this application, the court is not required to pass on such question, and it merely notes that the Legislature has not imposed this condition in all cases where a public corporation is involved (see, e.g., Seyer v. Schoen. 6 AD 2d 177).