Samuel A. Spiegel, J.
The City of New York, Balph Salerno and John F. Shanley, defendants herein, move for summary judgment dismissing the complaint.
This is an action in slander and libel which, it is alleged, was occasioned by the defendant Salerno on December 20, 1965 and by the defendant Shanley on December 23,1965.
At the time the cause of action accrued, Salerno was a Sergeant and Shanley was a Chief Inspector of the Police Department of the City of New York. Salerno was supervisor of detectives of the Criminal Investigation Bureau of the Police Department. Shanley was the highest ranking uniformed police officer in the Police Department. Salerno and Shanley appeared as witnesses to give testimony concerning the plaintiff before a Judge from Italy at a hearing conducted at the Italian Consulate.
The event of slander and libel is alleged to have occurred when the individual defendants testified before said Italian Judge in the Italian Consulate in connection with criminal proceedings pending in Italy. The individual defendants testified upon the request of the State Department of the United States which came through diplomatic channels and upon the direction of the then New York City Police Commissioner, Vincent L. Broderick, and in pursuance of their duties.
It is alleged that certain statements by the defendant Salerno were intended to mean, and were understood by the persons who heard the statements or translations thereof into the Italian language to mean, that plaintiff, Santo Sorge, had been and still is engaged in criminal activities with members of criminal organizations based in the United States and Sicily, Italy, and respectively know as “ Cosa Nostra ” and “ the Mafia ”.
It is further alleged that certain statements by the defendant Shanley were understood to mean that the plaintiff has a criminal relationship with the chiefs of “ Cosa Nostra ” in the United States and Italy.
Notice of claim against the City of New York was filed on June 20,1966. Action was commenced by delivery to the Sheriff of the summons for service on January 18,1967. The defenses asserted are the untimely filing of a notice of claim, Statute of Limitations, absolute privilege, qualified privilege, truth, and testimony given in a judicial proceeding without malice toward plaintiff.
Plaintiff commenced his suit one year and two months after his cause of action arose. A one-year limitation, under CPLB 215, has been pleaded as a defense in behalf of each of the individual defendants only, and failure of compliance with the 90-day *416 filing requirement under section 50-e has been pleaded on behalf of the defendant the City of New York. Notice of claim was filed after the 90-day period. The city does not plead failure to sue within the one-year limitation as part of its defense.
Many interesting subjects present themselves herein which are most worthy of exploration and discussion.
Let us first consider the necessity to file a notice of claim. Service of a notice of claim against a public corporation founded upon tort is required within 90 days after the claim arises (General Municipal Law, § 50-e). The city’s liability for all torts is predicated upon the wrongful acts of its agents, servants or employees.
Express responsibility in tort of public corporations for the negligent acts of employees involving vehicles and facilities for transportation was provided by statute before its transfer to the General Municipal Law. Stripping a public corporation of its immunity from suits in tort, common law and decisional law, applies to public corporations as well as to private corporations. From the broad common-law and decisional law base, has been culled the public corporation’s responsibility for vehicles and facilities used for transportation, now enacted in sections 50-b and 50-e of the General Municipal Law. However, that responsibility, as thus culled from the full range and coverage of tort responsibility, is still subject to the full range of common-law doctrine of respondeat superior and pari delicto.
In Bernardine v. City of New York (294 N. Y. 361, 365-366) the court, in considering public corporation liability, stated: “ Section 8 of the Court of Claims Act says: ‘ The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations ’. * * * None of the civil divisions of the State — its counties, cities, towns and villages — has any independent sovereignty (see N. Y. Const., art. IX, § 9 ; City of Chicago v. Sturges, 222 U. S. 313, 323; Keifer & Keifer v. R. F. C., 306 U. S. 381. Cf. Gaglio v. City of New York, 143 F. 2d 904). The legal irresponsibility heretofore enjoyed by these governmental units was nothing more than an extension of the exemption from liability which the State possessed. (Murtha v. N. Y. H. M. Col. & Flower Hospital, 228 N. Y. 183, 185.) On the waiver by the State of its own sovereign dispensation, that extension naturally was at an end and thus we were brought all the way round to a point where the civil divisions of the State are answerable equally with individuals and private corporations for wrongs of officers and employees,— *417 even if no separate statute sanctions that enlarged liability in a given instance. (Holmes v. County of Erie, 291 N. Y. 798.) Of course, the plaintiff in such a case must satisfy all applicable general statutory or charter requirements in the way of presentation of claims, notice of injury, notice of intent to sue and the like.”
The consequence of the foregoing is that if, in a particular case involving a non-vehicular tort, it is found and determined that there is public corporate responsibility to indemnify, the public corporation becomes the real party in interest and in any such case there must be compliance with 50-e and 50-i.
Commencement of an action in tort, whether under 50-b or 50-c or otherwise, where the responsibility to indemnify is obvious, requires that plaintiff must allege and prove due filing of notice of claim with the public corporation.
The time for commencement of action is controlled as against all defendants by 50-e and 50-i. The individual defendants are in the same category as the city for this purpose if this is a true case of indemnification.
To sum up, where employees are sued alone in their capacity as agents, servants or employees of the city, then, if they are entitled to indemnity from the city, a claim must be filed with the city within 90 days in accordance with section 50-e and suit must be instituted within one year and three months pursuant to the requirements of section 50-i.
Where employees and the City of New York are both sued as defendants, and the employees are entitled to indemnity, then a claim against all defendants must be filed with the City of New York in accordance with section 50-e and suit must be instituted pursuant to section 50-i.
In any event compliance with sections 50-e and 50-i is required in all tort cases wherever the right to indemnity exists.
Exploration of the subject of indemnity logically follows at this point. By General Municipal Law, indemnification is absolute in the limited area described in sections 50-b and 50-c. That is not to be taken to mean that responsibility and indemnity are strictly limited solely to the subject matter thereof. Where sections 50-b and 50-c are involved, however, those statutes are to be strictly construed.
In Hahin v. City of Buffalo (41 Misc 2d 1018,1020) section 50-e was applied to a truck driver employed by defendant, and the court stated: ‘ ‘ Since the city must indemnify its employee, the city is the real party in interest and therefore the provisions of the General Municipal Law apply even though the action is against the employee alone.”
*418 The individual defendants urge that the one-year Statute of Limitations applies since any expressly stated right to be indemnified is limited by sections 50-b and 50-c of the General Municipal Law only to claims of negligence arising from the use of a vehicle or facility of transportation. Section 50-b of the General Municipal Law states in essence that a municipality is liable for negligent operation of vehicles or other facility of transportation by its employees. Section 50-c of the General Municipal Law makes a municipality liable for.the negligent operation of certain vehicles in the performance of duty by policemen and paid firemen.
In Bernardine v. City of New York (294 N. Y. 361, supra) a runaway police horse was involved. Plaintiff invoked section 50-b and the city claimed the horse was not a facility for transportation, and therefore, the city enjoyed common-law immunity from responsibility. This issue was decided against the city.
The court on page 365 said: “ a conclusion which we have the more readily reached by the light of the wholesome statutory purpose to do justice to persons who are damaged by the wrongs of public servants functioning as such (cf. Sheehan v. North Country Community Hosp., 273 N. Y. 163).”
The case of O’Hara v. Sears Roebuck é Co. (286 App. Div. 104) involved claims for false arrest and imprisonment against two police officers of the City of Buffalo individually. The city was not sued. Had the city been a party defendant, service of notice of claim against all defendants would have been required to be served only on the city (Sandak v. Tuxedo Union School Dist. No. 3, 308 N. Y. 226).
Now, the responsibility of the city for tort is not restricted solely to cases of vehicles and facilities for transportation. Causes for false arrest, or imprisonment or defamation are founded on common law and may be instituted against the city. As to these latter actions, there is no specifically stated indemnity by the city and no statutory condition precedent exists for filing of a claim in an action against any parties other than a public corporation (Sandak v. Tuxedo Union School Dist. No. 3, supra), though there may still be an obligation to indemnify in those cases (Bernardine v. City of New York, supra).
The court holds that plaintiff is subject to the provision requiring filing of the notice of claim within 90 days (§ 50-e), that such filing attaches to the claims against the individual defendants as well, and is to be filed with the city alone (Bernardine v. City of New York, supra).
The obligation of the city to indemnify city employees is a determining factor whether a claim against the individual defend *419 ants alone should be filed with the city by plaintiff. In the final analysis, if an employee is found liable for any tort arising out of his employment, then the city is obliged to pay damages to plaintiff under the respondeat superior theory. By the requirement that a plaintiff is compelled to comply with sections 50-e and 50-i where individual city employees are sued alone, appropriate and adequate notice is afforded to the city so that it will be neither prejudiced nor hampered in its efforts to protect the best interests and welfare of the public.
As to the issue of responsibility to indemnify, it is alleged that the inquiry involved alleged wrongful acts of the individual defendants. In order to support the claim of responsibility to indemnify, the principal and agent may not be in pari delicto, nor may circumstances exist which would excuse the agent’s participation with a knowing principal. In Paderefsky v. Scala (129 N. Y. S. 2d 661, 671) it was stated: “ The Court has already found the defendants Scala and the City of New York to be joint tort-feasors. It does not, however, consider them to be in pari delicto. While the contract does not shield the defendants Scala from responding to the plaintiffs for damages for the unwarranted demolition, nevertheless, implicit in the granting of this contract to the defendants Scala by the Superintendent of Housing and Buildings is a representation of the City’s authority to order such work to proceed under the terms of the judicial mandate. Under such circumstances, the quantum of guilt appears to lie heavily in the direction of the City, and the defendants Scala are entitled to judgment over against the City for such damages as they may be called upon to pay by reason of this judgment.”
The court now turns to a discussion of the need to conform to section 50-e dealing with the 90-day period in which to file a claim against the city.
As to the timeliness of filing of such notice of claim, plaintiff knew in August, 1965, of the existence in Italy of a criminal investigation. He learned by a communication from Italy received by him on December 18, 1965, of the purpose of the examination of witnesses in New York City. None of the knowledge which he acquired was from any official source.
The inquiry here commenced apparently on December 20,1965. Plaintiff asserts that in the fourth week of April, 1966, approximately four months later, he learned for the first time that an indictment had been obtained against him in Italy and that such indictment contained the greater part of the testimony of the defendants which he deems is defamatory. Plaintiff contends that prompt efforts then were made to obtain a transcript of the *420 testimony. Notice of claim was expeditiously served on the city within two weeks after the transcript was received. Delay in receipt of a copy of the indictment, and of the transcript, plaintiff says, was not his fault.
In effect, he urges, that the city’s failure to disclose to him the contents of the testimony was an omission which perpetrated a fraud, hardship and injustice on him. Further, he contends that no means were adopted which would have afforded adequate notice to the plaintiff, as a party in interest, of the taking of the defendant’s depositions in the proceeding before the Italian Magistrate. Thus, plaintiff urges that his failure to file his claim within the required 90 days after the claim arose should not be used as grounds for dismissal of his cause of action.
In the absence of any question of estoppel, the grounds for late filing of notice of claim, as enumerated in the statute (§ 50-e, subd. 5) are not found here. Subdivision 5 of section 50-e lists infancy, mental or physical incapacity, death or settlement representations as legal excuses for failure to file a claim within 90 days from the time the cause of action arose. However, estoppel does not present a question of an extension of time to file, or of waiver thereof, but only of the disability or disqualification of the city to raise the claim of untimeliness of plaintiff’s filing. In Matter of Daley v. Greece Cent. School Dist. No. 1 (21 A D 2d 976) it was held: “ However * * * it appears that the defendant school district may be estopped * * *. If there is such an estoppel, plaintiffs were not required to file a notice of claim ” in strict compliance with statute. In Gibbs v. City of New York (23 A D 2d 665) the court stated: “ Where, as here, the prospective defendant (the City) and its own agency were the only parties reasonably situated to ascertain the existence of a claim and to prosecute the claim, it would be an idle gesture to require that they file a claim against themselves.”
In Damico v. Onondaga County Water Auth. (36 Misc 2d 158) it was held that the time to file a notice of claim commenced when the action accrued on the discovery of water damage to property.
As to all defendants, therefore, the defenses of limitation and of failure to comply with section 50-e as pleaded cannot be sustained as grounds for a summary dismissal on the merits, on this submission. Issues of fact as to estoppel, respondeat superior, quantum of culpability, and responsibility to indemnify, ordinarily, would necessitate a trial.
As to the defense of limitation of time in which to institute suit, this action was begun one year and two months after the cause of action arose.
*421 It is urged on behalf of the individual defendants that section 50-i of the General Municipal Law permitting institution within one year and three months does not apply to them but only to the city, except where the employee or officer has an expressly stated right to be indemnified by the city, which defendants urge is not the case here. Therefore, they contend that their defense of a one-year limitation under CPLB 215 applies, and is a complete bar to plaintiff’s action against them.
Section 50-i of the General Municipal Law provides:
“ 1. No action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury * * * alleged to have been sustained by reason of the negligence or wrongful act of such city * * * unless, (a) a notice of claim shall have been made and served upon the city * * * in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceedings shall be commenced within one year and ninety days after the happening of the event upon which the claim is based.
‘ ‘ 2. This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter.”
CPLB 215 (subd. 3) specifies a one-year limitation for the torts of libel and slander. The same limitation period existed under subdivision 3 of section 51 of the Civil Practice Act.
Section 101 of the General Construction Law provides: “ The consolidated laws shall not be construed to amend, repeal or otherwise affect any provision of the penal law, civil practice law and rules or code of criminal procedure unless expressly so stated.” (Italics ours.)
By virtue of subdivision 2 of section 50-i of the General Municipal Law and section 101 of the General Construction Law, the General Municipal Law prevails over the general Statute of Limitations in respect to the limitation upon commencement of actions in tort against a public corporation. Against a public corporation, limitation in tort is one year and three months (§ 50-i) as against one year in CPLB 215 for libel and slander. Ordinarily, the General Municipal Law reduces the statutory period for institution of suit. In this instance, the limitation is extended.
Should the Statute of Limitations be applied to a public corporation and its employees only when it curtails the right to sue, *422 as it usually does, or shall it be applied equally in all situations ? The court construes the law to compel the equal application of a one year and three-month limitation for commencement of suit against a public corporation and its employees, without distinction as to the nature of the tort, as mandated by the General Construction Law and the General Municipal Law.
In Hahin v. City of Buffalo (41 Misc 2d 1018, supra) the complaint was dismissed because the action was not commenced within one year and 90 days against the defendant employee as well as against the defendant city. The court said (p. 1020): “ since the city must indemnify its employee, the city is the real party in interest and therefore the provisions of the General Municipal Law apply even though the action is against the employee alone * * *. Consequently, I hold that the provisions of section 50-i of the General Municipal Law requiring that the action must be commenced within one year and 90 days after the accident applies not only to an action against the city but also to an action against the city’s employee.”
As stated in Hahin v. City of Buffalo (supra) the General Municipal Law fixes the limitation as to individual defendants because the public corporation is ultimately responsible. The rule is the same in any case of indemnity, whether the action is based on sections 50-b or 50-c or on common law, as this one is. The city remains the party in interest. If it has the responsibility to indemnify for defamation, then in that event the General Municipal Law applies to the filing of claim against the individ-r ual defendants and the city, with respect to both the notice of claim or time for commencing suit. All defendants — the city and its employees — are subject to the limitation of one year and 90 days as fixed in the General Municipal Law (§ 50-i), which expressly applies notwithstanding any other inconsistent provision of law (CPLR 215) containing a one-year limitation for defamation. The one-year limitation for defamation may apply as against everyone else, but does not apply against the plaintiff under the circumstances herein.
Let us now consider judicial proceeding as an absolute privilege. Defendants urge that the Italian Magistrate under Italian law was a duly constituted authority and with the consent of the State Department took the testimony of the defendants in a judicial proceeding in the Italian Consulate in New York City. This holding of court here by a foreign sovereign, through a foreign Judge, is permissible only with the consent of the Executive. A person may be constituted a commission and may act in a foreign jurisdiction by leave of foreign authority but he does not act there as a Judge.
*423 Under letters rogatory, a Judge from Italy could tie authorized by the appropriate foreign court to take testimony. While thus acting under said Italian authority, his activity here is to be adjudged by local law. His mission could be accomplished with the result here sought if the Italian Judge had such appropriate designation to act under a commission. The United States could and did confer upon him the power to act as a nondiplomatic agent.
Whether libel results in the course of the taking of the testimony is a question to be determined under the law of New York. Every proceeding before a competent court or Magistrate in due course of law or administration of justice, which is to result in any determination or action on the part of such court or Magistrate, is a judicial proceeding. Such results did occur here. The United States may give power to a Consul, and to the exercise of such power the Constitution does not apply (United States v. Archer, 51 F. Supp. 708). A foreign consulate is United States territory and the United States Government may confer on the Consul the power to administer the oath and the Consul thus becomes a Magistrate as if he were acting for the United States (United States v. Archer, supra-, 16 Am. Jur., Diplomatic and Consular Officers, p. 969, § 18).
The act of a foreign sovereign done in the foreign country is not the subject of review here. Thus, the commission of the Italian Judge to act here as an act of the Italian Government is not reviewable as to its validity (Banco de Espana v. Federal Reserve Bank of N. Y., 114 F. 2d 438).
It is not disputed that the commission pursuant to which the Italian Judge acted here was an act of a foreign sovereign. The act of a sovereign here is by consent only and, if consented to, it is subject to our laws (United States v. Deutsches Kalisyndikat Gesellschaft, 31 F. 2d 199; Glass v. Sloop Betsy, 3 Dall. [3 U. S.] 6). The latter case involved a prize — a captured sloop. The action was in admiralty in the District Court. The principal adjudication was the absence of power conferred by Congress upon the court to hear a civil cause involving a prize during peace. The alleged injury by the capture of the sloop Betsy was done by a citizen of France to the subjects of the Kang of Sweden and a citizen of the United States. Redress in a civil court of the United States, at peace with France and Sweden, in respect of a war between France and England, was not available. It was there held that, by the law of the nations, courts of the captor, alone, can determine the question of prize and the courts of the United States cannot take cognizance in violation of a treaty between it and France.
*424 Here, however, the matter was not brought before a civil court of the United States but before a court, an Italian court, constituted by act of the Italian Government and acting with consent of the United States Executive. For such purpose no treaty is required but solely executive consent, which was obtained.
Since the slander and libel occurred in a judicial proceeding, the plea of absolute privilege must be sustained. Therefore, the motion to dismiss the complaint on this ground is granted.