Susan T. DONNELLY, David Carroll and Alan Donnelly

v.

John M. McLELLAN and Washington County Public Health Service.

Civ. No. 5:91–125.

United States District Court,
D. Vermont.

May 11, 1995.

---

Edward W. Leckerling, III, Lisman & Lisman, Burlington, VT, for plaintiffs.

Ritchie E. Berger, Dinse, Erdmann & Clapp, Burlington, VT, for defendant John H. McLellan.

William D. Cohen, Abel, Kenlan, Schwiebert & Hall, Rutland, VT, for defendants Washington County Public Health Service, Patricia Downing, and Amy Gentore.

### OPINION–ORDER

BILLINGS, Senior District Judge.

On December 12, 1994, Defendant Washington County Public Health Service ("WCPHS") motioned for summary judgment. WCPHS argues that it is entitled to judgment as a matter of law because Plaintiffs did not provide them with written notice of this suit as is required by New York's notice of claim statute. Plaintiffs oppose the Motion For Summary Judgment, contending that WCPHS is not the type of entity that is entitled to receive notice under the statute.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a medical malpractice action. Plaintiffs made allegations of negligence against Defendant Dr. John McLellan, an obstetrician at the Southwestern Vermont Medical Center ("SWVMC"), and against Defendant WCPHS, an agency of Washington County, New York ("the County"), which provides home nursing services in the County. Specifically, Plaintiffs alleged that McLellan negligently discharged Plaintiff Susan T. Donnelly from SWVMC on October 16, 1989, after she had given birth to a son by caesarian section six days earlier. Plaintiffs also claimed that the WCPHS nurses who provided Susan Donnelly with home care after her discharge were negligent because they allegedly failed to notify Dr. McLellan of Plaintiff's worsening condition.[1] A December 13, 1994 trial date was set.

---

1. Dr. McLellan was the only defendant named in Plaintiffs' original complaint. On December 13,

**138**

On December 12, 1994, the day before trial, WCPHS raised the notice of claim issue for the first time. Claiming that the Plaintiffs had not provided them with the statutorily mandated notice, WCPHS motioned to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief may be granted, and for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). On December 13, 1994, after a conference in chambers where the Motion to Dismiss was discussed, the Court severed the claims against McLellan from those against Co-Defendant WCPHS.[2] The parties submitted additional memoranda pertaining to the Motion to Dismiss, and the Court heard arguments on the matter at a hearing on February 13, 1995. Following the hearing, the Court observed that the parties had submitted matters outside the pleadings to support their respective positions on the Motion to Dismiss. Consequently, in an Order dated February 15, 1995, the Court converted the Motion to Dismiss to a Motion For Summary Judgment under Fed.R.Civ.P. 56 and provided the parties with additional time to submit papers. Final papers on the issue have now been filed.

WCPHS grounds its Motion for Summary Judgment on the notice of claim requirement of section 50-i of the New York General Municipal Law. Under section 50-i, a notice of claim must be served upon a city, county, town, village, fire department or school district before the particular entity can be sued in tort. WCPHS argues that, as an agency of Washington County, it was entitled to a notice of claim under section 50-i, and that Plaintiffs' failure to provide one is cause for dismissal.

Plaintiffs agree that WCPHS is an agency of Washington County, but they observe that section 50-i does not specifically include agencies of municipalities. Plaintiffs contend that the New York legislature could have included agencies if it so desired, and that its

failure to do so evidences an intent to exclude agencies of municipalities from the notice of claim requirements. Therefore, Plaintiffs conclude, WCPHS was not entitled to a notice of claim under the statute, and Plaintiffs' failure to provide one is immaterial.

## II. DISCUSSION

■ Summary judgment is appropriate when the Court finds that there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The party opposing summary judgment may not rest on its pleading but must present "significant probative evidence" demonstrating that a genuine dispute of material fact exists, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The Court must view these materials in the light most favorable to the non-movant, drawing all reasonable inferences in the non-movant's favor. *Id.* at 255, 106 S.Ct. at 2513–14.

### A. Choice of Law

■ Jurisdiction in this case is based on diversity of citizenship. Because Vermont is the forum state, Vermont law supplies the rule of decision. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Therefore, we must consult Vermont's choice of law rules to determine which state's substantive law applies. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Pruitt v. Levi Strauss & Co.,* 932 F.2d 458, 461 (5th Cir.1991).

■ Vermont adheres to the *lex loci delicti* rule for choice of law questions arising in tort actions. *Calhoun v. Blakely,* 152 Vt. 113, 116, 564 A.2d 590 (1989). Under this

---

1991, the Court granted Plaintiffs' Motion to Amend, allowing the joinder as Co–Defendants of WCPHS and two WCPHS nurses, Amy Gentore and Patricia Downing, who provided home care to the Plaintiff. The Court later dismissed the claims against Defendants Gentore and Downing for lack of personal jurisdiction, leaving Dr.

McLellan and WCPHS as the remaining defendants in the matter.

2. Plaintiffs' claims against McLellan were then tried before a jury, which returned a verdict in McLellan's favor on December 19, 1994.

approach, the court must apply the law of the state where the tort occurred. *Goldman v. Beaudry*, 122 Vt. 299, 301, 170 A.2d 636 (1961). In the present case, the only treatment that WCPHS provided to Susan Donnelly occurred at her home in Washington County, New York. Because New York is the site of the alleged tort, New York law, including the notice of claim statute, must be applied to this case.

### B. Section 50–i of the New York Notice of Claim Statute

■ New York's notice of claim procedures are established in section 50 of the General Municipal Law. The statute provides, in pertinent part:

1. No action or special proceeding shall be prosecuted or maintained against a *city, county, town, village, fire district or school district* for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or of any officer, agent or employee thereof ..., unless ... a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with section fifty-e of this chapter.

N.Y.Gen.Mun.L. § 50–i (emphasis added). Thus, under section 50–i, "(s)ervice of a notice of claim ... is a condition precedent to a lawsuit against a municipal corporation." *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 484 N.Y.S.2d 533, 534, 473 N.E.2d 761, 762 (1984). The failure to comply with this provision requiring notice and presentment of claims prior to the commencement of litigation ordinarily requires dismissal. *Id.* at 535, 473 N.E.2d at 763 (*citing Republic of Argentina v. City of New York*, 25 N.Y.2d 252, 303 N.Y.S.2d 644, 652, 250 N.E.2d 698, 704 (1969)).

It is clear from *Davidson* and from the terms of the statute that Washington County, a municipal corporation, enjoys the protection of the notice of claim provision. However, as Plaintiffs correctly point out, WCPHS is not itself a "county" or any other entity to which section 50–i by its terms applies.

Rather, as WCPHS admits both in its supplemental memorandum and in the accompanying affidavit of James C. Tomasi, the County Attorney for Washington County, WCPHS is an *agency* of Washington County, State of New York. Thus, this case turns on whether an agency of a county (or of any of the other named entities) is entitled to receive a notice of claim under section 50–i. If an agency does have a right to receive a notice of claim under section 50–i, then WCPHS' Motion for Summary Judgment should be granted because Plaintiffs never provided them with the required notice. But if agencies of the named entities are not covered by the statute, then the notice of claim requirement is inapplicable and the Motion for Summary Judgment should be denied.

It is not clear from the terms of section 50–i itself whether WCPHS is a covered entity because the statutory language makes no specific reference to "agencies." Further, neither the parties nor the Court have been able to discover any New York caselaw that squarely resolves the issue. It therefore appears to the Court that whether section 50–i of the notice of claim law applies to agencies of entities specified in the statute is an unresolved question of New York law.

■ If a state's highest court has not yet decided an issue, "then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967). *See also Salve Regina College v. Russell*, 499 U.S. 225, 226, 111 S.Ct. 1217, 1218, 113 L.Ed.2d 190 (1991) (*quoting Meredith v. Winter Haven*, 320 U.S. 228, 238, 64 S.Ct. 7, 13, 88 L.Ed. 9 (1943)) ("state law is to be determined in the same manner as a federal court resolves an evolving issue of federal law: 'with the aid of such light as afforded by the materials for decision at hand, and in accordance with the applicable principles for determining state law'"). A federal court faced with this situation must attempt to ascertain the result that the state's courts would reach if they considered the same question. *Patch v. Stanley Works*, 448 F.2d

483, 488 (2d Cir.1971); *American Record Pressing Co. v. U.S. Fidelity & Guaranty*, 466 F.Supp. 1373, 1379 (S.D.N.Y.1979). *See also McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 661 (3rd Cir.1980) (when presented with unresolved question of state law, duty of federal court is to make "a prediction of how the state's highest court would decide were it confronted with the problem").[3] Thus, our task in the present case is to make a reasoned prediction concerning whether or not the New York Court of Appeals would apply the notice of claim statute to WCPHS.

■ After a thorough examination of the relevant state authorities, the Court concludes that the New York Court of Appeals would apply the notice of claim statute to WCPHS. We base this decision on two grounds: (1) although they have not expressly decided whether section 50–i applies to agencies, the New York courts have in the past applied the provision to municipal agencies and to other entities not specifically mentioned in the statute; and (2) WCPHS and Washington County are so interrelated that Washington County is the real party in interest in this suit against WCPHS. We

will discuss each of these grounds of decision more fully below.

1. New York Courts Have Applied Section 50–i to Municipal Agencies and Other Entities Not Specified in the Statute

The Court finds that the New York Court of Appeals would apply the notice of claim statute to WCPHS because it has applied section 50–i in cases involving municipal agencies, or entities that are closely equivalent to them. The New York courts have, for example, applied the notice of claim statute to such city agencies as the New York City Department of Environmental Protection, *Bacalokonstantis v. Nichols*, 141 A.D.2d 482, 529 N.Y.S.2d 111, 112 (1988), as well as to municipal water districts, *Damico v. Onondaga County Water Auth.*, 36 Misc.2d 158, 232 N.Y.S.2d 660, 661 (Ct.1962), city transit authorities, *Negrone v. New York City Transit Auth.*, 15 A.D.2d 676, 224 N.Y.S.2d 172, 173 (N.Y.Sup.Ct.1962),[4] and city housing authorities, *Robinson v. New York City Hous. Auth.*, 8 A.D.2d 747, 188 N.Y.S.2d 262, 263 (1959). Thus, the New York courts have made clear that the notice of claim provision will be applied to some municipal entities that are not specifically mentioned in section 50–i.[5]

3. Courts and commentators generally agree that federal courts must approach unascertained questions of state law in this manner. *See, e.g., Soo Line R. Co. v. Fruehauf Corp.*, 547 F.2d 1365, 1373 (8th Cir.1977); *Gates Rubber Company v. USM Corp.*, 508 F.2d 603, 606–07 (7th Cir.1975); Paul M. Bator et al., *Hart and Wechsler's The Federal Courts and the Federal System* 789–91 (3d ed. 1988); 19 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4507 at 88–90 (1982).

4. The Court notes here that the New York City Transit Authority has been held to be an agency of the City of New York by a variety of courts and for a broad range of statutory purposes. *See, e.g., Subway Surface Supervisors Ass'n v. New York City Transit Auth.*, 44 N.Y.2d 101, 111, 404 N.Y.S.2d 323, 375 N.E.2d 384 (1978) (NYCTA is agency of New York City for purposes of New York State Financial Emergency Act); *Jered Contracting Corp. v. New York City Transit Auth.*, 22 N.Y.2d 187, 192–93, 292 N.Y.S.2d 98, 239 N.E.2d 197 (1968) (same for purposes of public contract bidding provisions of General Municipal Law); *New York v. Rosedale Carting Corp.*, 1986 WL 55320 at ⁺4 (N.Y.Sup.Ct. October 6, 1986) (same for purposes of false bidding provisions of New York Penal Law); *Marine Elec. Ry. Prod. Div., Inc. v. New York City Transit Auth.*, 17 B.R.

845, 849 (Bankr.E.D.N.Y.1982) (same for purposes of section 525 of the United States Bankruptcy Code).

5. Plaintiffs argue that some New York courts have supported their position that the notice of claim requirement does not apply to entities that are not expressly named in the statute. *See Martin v. Town of Esopus*, 57 Misc.2d 487, 293 N.Y.S.2d 571, 572 (Ct.1968) (finding that notice requirement did not apply to water district because they were not mentioned in section 50–i); *Seyer v. Schoen*, 6 A.D.2d 177, 175 N.Y.S.2d 1003, 1005–06 (1958) (same); *Maik v. Massapequa Library Bd. of Trustees*, 46 Misc.2d 159, 258 N.Y.S.2d 916, 918 (Ct.1965) (observing in dicta that notice of claim requirement might not apply to public libraries since they are not specified in the statute). *Percudani v. Westchester County Playland Comm.*, 226 N.Y.S.2d 517, 520 (Ct. 1962) (notice of claim provision does not apply to Playland Commission because it is not type of entity named in statute). However, these cases are readily distinguishable. *Martin, Seyer,* and *Maik* concern other *types* of municipal entities that are not named in section 50–i, as opposed to an agency of a municipal entity that is named, as in our case. *Percudani* is distinguishable because the Court grounded its decision on the fact

More importantly, the New York courts have applied section 50–i to municipal agencies and to municipally-supported public health care providers. For example, in *Davidson, supra,* the Court of Appeals required a notice of claim in a suit against the Bronx Municipal Hospital. The plaintiff had filed his notice of claim under 50–i, but the Court dismissed the case because the substantive requirements of the notice statute were not satisfied. Although the suit was against the Brooklyn Municipal Hospital and not against the City of New York, the court referred to the action as a "lawsuit against a municipal corporation." *Davidson,* 484 N.Y.S.2d at 534, 473 N.E.2d at 762. This suggests that the court would view suits against agencies or entities of this nature as indistinguishable from suits against the municipal corporation itself. Similarly, Washington County is a municipal corporation and WCPHS is an agency of that corporation engaged in the provision of public health care. Thus, as it did for the Bronx Municipal Hospital in *Davidson,* the Court would likely require a notice of claim to be filed with WCPHS.

Another case resolved the issue of whether a plaintiff could file a late notice of claim after commencing the action. *Giblin v. Nassau County Medical Ctr.,* 61 N.Y.2d 67, 471 N.Y.S.2d 863, 864, 459 N.E.2d 856, 858 (1984). In resolving the question in favor of allowing the late filing, the Court of Appeals referred to the suit against the Nassau County Medical Center as a suit "against a County." *Id.* Thus, the Court once again viewed a suit against a municipally-supported public health provider as a suit against the municipality itself, making no distinction between the municipal entity and the medical organization. Having taken this approach with the Nassau County Medical Center, the Court would presumably be consistent and treat WCPHS in the same manner, requiring a notice of claim prior to suing the municipal agency.

In another case, the Court of Appeals pointed out that, for most purposes, the pertinent legislation defined the New York City Health and Hospitals Corporation as a public benefit corporation, not as an agency of the City of New York. *Brennan v. City of New York,* 59 N.Y.2d 791, 464 N.Y.S.2d 731, 732, 451 N.E.2d 478, 479 (1983). As a result, the Court concluded that the limitations period contained in section 50–i did *not* apply to NYCHHC. By negative implication, this suggests that section 50–i *would* apply to an entity that *was* an agency of one of the bodies named in the statute. Since the parties agree that WCPHS is an agency of Washington County, this leads to the conclusion that section 50–i does apply and that a notice of claim was required.

Based on these cases and the language used in them, the Court finds that New York courts, including the Court of Appeals, often do apply section 50–i to agencies of the municipal entities named in the statute. Consequently, the Court finds that if the New York Court of Appeals was deciding the present case it would continue its general approach and apply section 50–i to WCPHS.

2. WCPHS and Washington County Are So Interrelated that Washington County Is the Real Party in Interest in this Case

The Court finds that the New York Court of Appeals would apply the notice of claim statute to WCPHS because the agency and the County are so interrelated that the County is the real party in interest for the purposes of this action. It has been held that where the municipality "is the real party in interest ... the provisions of General Municipal Law apply even though the action is against the employee alone." *Sorge v. City of New York,* 56 Misc.2d 414, 288 N.Y.S.2d 787, 798 (Ct.1968) (*citing Hahin v. City of Buffalo,* 41 Misc.2d 1018, 246 N.Y.S.2d 917, 919 (Ct.1964)). The *Sorge* court held that the notice of claim statute applied to a public corporation's employees as well as to the public corporation itself because the facts showed that the public corporation was the real party in interest.

The facts similarly indicate that WCPHS and Washington County are so interconnected that they are virtually indistinguishable.

that the New York Legislature had enacted specific statutes governing the Westchester County Playland Commission; no such legislation has been enacted for WCPHS.

**142**

As in *Sorge*, every person on the payroll at WCPHS is in fact an employee of Washington County. *See* Affidavit of Patricia B. Munoff, Director of WCPHS. Washington County disperses the funds for WCPHS employees' compensation, the Treasurer of Washington County issues their paychecks, and Washington County appears as the named employer on their W–2 tax forms.

Washington County is also the real party in interest because it must indemnify WCPHS in the event that it is found liable, just as New York City would have had to indemnify its employees in *Sorge*. The *Sorge* court found that because the public corporation (the indemnitor) was required to satisfy any judgment rendered against its employees (the indemnitees), it was the "public corporation that [was] ultimately responsible." *Sorge*, 288 N.Y.S.2d at 798. Thus, under *Sorge*, the notice of claim statute applies in a suit against the indemnitee just as it would apply in one against the indemnitor, because it is the indemnitor that is ultimately responsible for the judgment.

This rule would clearly apply in the present case because WCPHS is covered by a liability insurance policy issued to Washington County by Northern Insuring Agency, Inc., of Whitehall, N.Y. Under the terms of this policy, Washington County would be required to satisfy any judgment rendered in this matter against WCPHS. The obligations imposed by the policy establish Washington County as the indemnitor for WCPHS because the County is ultimately responsible for any liabilities that WCPHS incurs. Under *Sorge*, since the notice of claim statute applies to the indemnitor, Washington County, it would also apply to the indemnitee, WCPHS.[6]

Because Washington County and WCPHS are so interconnected, and in particular be-

cause Washington County must indemnify WCPHS for any losses the agency incurs in this litigation, the Court finds that Washington County is the real party in interest for purposes of this case. Since Washington County is the real party in interest, the Court concludes that if the New York Court of Appeals were to decide this matter it would apply section 50–i to WCPHS in the same manner as the statute applies to Washington County.

The preceding discussion demonstrates that New York courts, including the Court of Appeals, regularly apply section 50–i to agencies of entities named in the notice of claim statute, and that WCPHS is so closely intertwined with Washington County that the County is the real party in interest in this action. As a result, the Court concludes that if the New York Court of Appeals were deciding this case it would rule that section 50–i is fully applicable to WCPHS. We therefore reach the same result, and hold that Plaintiffs' failure to provide WCPHS with the notice of claim required under section 50–i is fatal to their cause of action. Consequently, Defendant WCPHS' Motion For Summary Judgment must be GRANTED.

### CONCLUSION

Based on the foregoing discussion, the Court hereby GRANTS Defendant Washington County Public Health Service's Motion For Summary Judgment dated December 12, 1994.

SO ORDERED.

---

**6.** Plaintiffs argue that the indemnification issue may not serve as a basis for summary judgment because there is no evidence that Washington County has complied with the statutory procedures necessary to establish it as an indemnitor of WCPHS. However, as the court noted in *Sorge*, "(t)he rule is the same in any case of indemnity whether the action is based on [statutory law] or common law, as this one is. The City remains the party in interest. If it has the responsibility to indemnify . . ., then in that event

the General Municipal Law applies to the filing of claim against the individual defendants and the City, with respect to both the notice of claim or time for commencing suit." 288 N.Y.S.2d at 798 (citing *Hahin*, 246 N.Y.S.2d at 919). Thus, in the present case, the County's compliance with statutory indemnification procedures is irrelevant because the insurance contract conclusively establishes the indemnitor-indemnitee relationship between Washington County and WCPHS.