ROSALIND HEIFETZ et al., Appellants, v. ROCKAWAY POINT VOLUNTEER FIRE DEPARTMENT, Respondent, et al., Defendants.— Action to recover damages· for injuries to person and property and for loss of services, alleged to have resulted from a collision between a motor vehicle in which plaintiffs were riding and one owned by defendant fire department and operated by the individual defendant. Defendant fire department pleaded, as an affirmative defense, that at the time of the occurrence, the motor vehicle was operated by its members in the performance of their duties as volunteer firemen. Plaintiffs appeal from an order denying their motion to strike out the affirmative defense, pursuant to rule 109 of the Rules of Civil Practice, on the ground that it is insufficient in law. Order affirmed, with $10 costs and disbursements. The complaint alleges and the answer admits that defendant fire department is an unincorporated association, duly organized under the laws of this State. In the absence of allega-

tions from which it must be said that the fire department is an entity distinct from its members, this action, although brought against the fire department in its proper name, is necessarily predicated on a claim of responsibility for the alleged collision on all the members of the unincorporated department. Their individual property is subject to the satisfaction of a judgment in an action against all of them. (*Martin* v. *Curran*, 303 N. Y. 276.) Volunteer firemen of a fire company, organized as this one is alleged to have been, are relieved from liability for negligent acts in the performance of duty as such by virtue of section 205-b of the General Municipal Law. Therefore, the defense was properly permitted to stand. Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.