■ BERNARD J. ROSENBERG, Appellant-Respondent, v. FULLER ROAD FIRE DEPARTMENT, INC., Respondent-Appellant, and HICKSVILLE FIRE DEPARTMENT, INC., Respondent, et al., Defendants.— In a negligence and breach of warranty action to recover damages for personal injuries, the appeals are as follows from three orders of the Supreme Court, Nassau County: Defendant Fuller Road Fire Department, Inc. (hereinafter called "Fuller") appeals from an order dated November 14, 1968, which denied its motion for summary judgment dismissing the complaint. Plaintiff appeals from (1) a separate order dated the same day, which denied his cross motion to dismiss the affirmative defenses of said defendant and defendant Hicksville Fire Department, Inc. (hereinafter called "Hicksville") and (2) an order dated January 28, 1969, which granted his motion to reargue said cross motion but adhered to the original decision. Appeal from the original order of November 14, 1968 denying plaintiff's cross motion dismissed as academic; that order was superseded by the order granting reargument (*Weiss* v. *Nathan,* 30 A D 2d 856). Appeal from so much of the order of January 28, 1969 as granted reargument dismissed. Plaintiff was not aggrieved by that provision. Order of January 28, 1969 reversed in all other respects, on the law, and plaintiff's cross motion to dismiss the defenses granted. Order of November 14, 1968 denying defendant Fuller's motion for summary judgment affirmed. Plaintiff is granted a single bill of $10 costs and disbursements against defendants Fuller and Hicksville jointly, to cover all the appeals. Plaintiff's complaint alleged, in its first cause of action, that defen-

dants Fuller and Hicksville are New York membership corporations. In August, 1967, a competitive tournament, contest or public exhibition of volunteer fire departments, during which a scaffold was used, was held under the sponsorship of Fuller. The scaffold was owned by Hicksville, whose agents, servants or employees, together with those of Fuller, erected it. Plaintiff went upon the scaffold, it collapsed because of the negligence of Fuller and Hicksville, and he was seriously injured. His second cause of action alleged that Fuller and Hicksville breached their warranties that the scaffold was reasonably fit for the purpose for which it was intended. In defense, Fuller and Hicksville alleged section 205-b of the General Municipal Law, the relevant language of which provides: "Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firemen, except for wilful negligence or malfeasance." In addition, Hicksville alleged in its second affirmative defense, upon information and belief, that plaintiff at the time of the scaffold's collapse "was a member of a duly organized fire department or district" and that his sole remedy was under the Volunteer Firemen's Benefit Law. In our opinion, though Fuller's motion for summary judgment, based on the above provision of section 205-b of the General Municipal Law, was properly denied, plaintiff's cross motion to dismiss the defenses based on that section, as well as Hicksville's additional defense predicated on the Volunteer Firemen's Benefit Law, should have been granted. Section 205-b of the General Municipal Law does not exempt volunteer fire companies incorporated under article 10 of the Membership Corporations Law. Whereas the statute speaks only of members of duly organized volunteer fire companies, fire corporations are entities distinct from their members (see *Heifetz* v. *Rockaway Point Volunteer Fire Dept.*, 282 App. Div. 1062; contra, *Ruppel* v. *Middleport Volunteer Fire Co. No. 1*, 12 A D 2d 871, mot. for lv. to app. den., 12 A D 2d 1004). With respect to Hicksville's assertion of the Volunteer Firemen's Benefits Law, plaintiff in support of that branch of his cross motion alleged by affidavit that he had never been a volunteer fireman. Because Hicksville failed to submit any affidavit in support of its allegation that plaintiff was a volunteer fireman, its defense based upon that statute should have been dismissed (*Leonard* v. *Leonard* , 31 A D 2d 620). Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.